STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8227

February 19, 2019

**BY ECF**
Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

     Re:    <u>Marquez v. Hoffman, et al.</u>, No. 18-cv-07315 (ALC) (GWG)

Dear Judge Carter:

     This Office represents Defendants Hon. Saliann Scarpulla, Hon. George Silver, Hon. Lawrence Marks, John McConnell, Lauren Desole, Kay-Ann Porter, Lisa Evans, Hon. Lori Sattler, Denis Reo, Lucian Chalfen, Hon. Eugene Fahey, Hon. Paul Feinman, Hon. Michael Garcia, Hon. Jenny Rivera, Hon. Leslie Stein, Hon. Rowan Wilson, and Chief Judge Janet DiFiore, and the State of New York (collectively, the "State Defendants"), in the above-referenced action, brought by Plaintiff Alexis Marquez ("Plaintiff"), pursuant to 42 U.S.C. § 1983 ("§ 1983"), the New York State Human Rights Law ("NYSHRL") and other state laws, and the New York City Human Rights Law ("NYCHRL"). In accordance with this Court's Individual Practices § 2.A., the State Defendants respectfully request a pre-motion conference in anticipation of their motion to dismiss.

**Procedural and Factual Background**

     Plaintiff asserts claims for retaliation and gender and race-based discrimination and harassment, as well as fraud and several torts, based on: (i) alleged discrimination and harassment that occurred over a 5-week period in 2017, during which Plaintiff was employed as Defendant Justice Douglas Hoffman's ("Justice Hoffman")[1] principal court attorney in his civil part of the Supreme Court of New York, and (ii) the State Defendants' alleged mishandling of Plaintiff's complaints against Justice Hoffman and her employment separation.

     Justice Hoffman hired Plaintiff to be his principal court attorney, commencing on September 13, 2017. (¶¶ 43, 47.)[2] Plaintiff alleges that from the outset of her employment in Justice Hoffman's chambers, he engaged in conduct that made her "acutely uncomfortable," (¶ 48), including alleged discussions concerning personal matters, (¶¶ 50-51, 57-60, 88-90, 175), and making audacious or inappropriate requests of Plaintiff, (¶¶ 53-56, 67-71, 75-76, 168). Plaintiff

---

[1] Counsel for Justice Hoffman appeared by separate counsel on January 7, 2019. *See* ECF Nos. 55-57.
[2] All citations that appear in parentheticals preceded by "¶" refer to paragraphs of the Complaint.

alleges she was terminated from her position on October 19, 2017, but also alleges that, on October 23, 2017, Plaintiff informed Justice Hoffman that she would be "taking leave" until she could secure a transfer to another position with the Unified Court System ("UCS"). (See ¶¶ 47, 159-160.)

At approximately the same time, Plaintiff allegedly informed State Defendant Hon. Scarpulla of her alleged complaint against Justice Hoffman by way of a hand-delivered letter. (¶¶ 215-231.) Plaintiff also attempted to obtain a position in the chambers of State Defendant Deputy Chief Administrative Judge George Silver, but was unable to secure that position, or another like it, allegedly due to her complaint against Justice Hoffman. (¶¶ 239-260, 282-305, 385.)

Meanwhile, Kay-Ann Porter, the Managing Inspector General for Bias Matters at UCS, allegedly attempted to investigate Plaintiff's complaint against Justice Hoffman, including by requesting that Plaintiff submit to an interview, which Plaintiff repeatedly refused. (¶¶ 312-343, 346-347, 350-351.) Lauren Desole, Director of Human Resources, similarly attempted to investigate Plaintiff's complaint, and on November 22, 2017, Plaintiff submitted an 11-page written statement. (¶¶ 335-336, 371-389.) Plaintiff was allegedly demoted shortly thereafter, and allegedly terminated on December 15, 2017. (¶¶ 336, 349, 390-405.)

Between October 2017 and March 2018, Plaintiff emailed various State Defendants, including all of the Court of Appeals associate justices, Chief Administrative Judge Lawrence Marks, Chief Judge Janet DiFiore, and other UCS personnel, concerning her complaints against Justice Hoffman, and the subsequent events. (¶¶ 7, 345-348, 436, 458-460, 516-528.) Plaintiff also alleges that Lucian Chalfen defamed Plaintiff by characterizing her lawsuit as "frivolous." (¶¶ 353-354, 761-767.)

**Grounds for Dismissal of the Complaint**

Based on the foregoing, Plaintiff filed a 785-paragraph complaint containing 23 causes of action against Justice Hoffman and the State Defendants.[3] (¶¶ 660-768.) For the reasons set forth below and others to be presented at the requested pre-motion conference and in the State Defendants' anticipated motion, none of Plaintiff's claims against the State Defendants is viable.

A. Plaintiff Fails to Sufficiently Allege Personal Involvement

Plaintiff asserts five claims under § 1983, all of which fail as to each State Defendant as a matter of law for a variety of reasons.[4] (¶¶ 660-688.) Primarily, however, "[a]n individual may be held liable under §. . . 1983 only if that individual is personally involved in the alleged deprivation." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). A plaintiff must likewise sufficiently allege each defendant's personal involvement in order to have a viable claim under the NYSHRL or the NYCHRL. *See, e.g., Daniels v. City of New York*, No. 17 Civ. 9960, 2019 WL 251511, at *5 (S.D.N.Y. Jan. 17, 2019).

Here, Plaintiff does not and cannot allege that any State Defendant was personally involved in the alleged deprivation of any constitutional right. Instead, Plaintiff premises her claims on nothing more than her outreach to the State Defendants and her dissatisfaction with their responses. However, "the receipt of letters or grievances, by itself, does not amount to personal involvement."

---

[3] Appended hereto is a table summary of each of Plaintiff's claims asserted against each State Defendant.
[4] Plaintiff's claims are too numerous to discuss individually here, thus the State Defendants respectfully request the opportunity to present specific arguments pertaining to each claim at the requested pre-motion conference.

*Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (listing cases); *see also Cater v. New York*, 316 F. Supp. 3d 660, 666 (S.D.N.Y. 2018) (dismissing § 1983 claims because plaintiff alleged only that she transmitted complaints to state officials, but "was dissatisfied with their responses"); *Bogart v. New York City Law Dept*, No. 00 Civ. 7417, 2001 WL 1631986, at *4 (S.D.N.Y. Dec. 20, 2001) (dismissing claim that defendant participated in alleged discrimination by not investigating the plaintiff's complaint on personal involvement grounds). Plaintiff's § 1983, NYSHRL, and NYCHRL claims premised on her alleged complaints by email or letter without more fail to allege the requisite personal involvement of any State Defendant.

B. The Complaint Fails to State a Claim

Each of Plaintiff's claims asserted against the State Defendants fails as a matter of law. Critically, at all relevant times, Plaintiff was the principal court attorney in Justice Hoffman's chambers, (¶¶ 2, 47,) which is a position left to the discretion of the hiring judge, pursuant to N.Y. JUDICIARY LAW § 36 and N.Y. Ct. R. 5.1. All of Plaintiff's discrimination, harassment, and retaliation claims thus necessarily fail because no State Defendant is alleged to have been Plaintiff's employer. This includes Plaintiff's Title VII claims against the State of New York, as it is well-settled that the employer, not the State, is the proper defendant. *See, e.g., Palmer v. New York State Office of Court Admin.*, No. 6:07 Civ. 702, 2010 WL 3724115, at *4 n.2 (N.D.N.Y. Sept. 15, 2010), *aff'd*, 526 F. App'x 97 (2d Cir. 2013) (dismissing State in Title VII action brought by employee of OCA); *see also Bland v. New York*, 263 F. Supp. 2d 526, 545 (E.D.N.Y. 2003) (dismissing Title VII claim brought by state court justice's secretary). Likewise, Plaintiff's NYSHRL and NYCHRL claims fail on these same grounds.[5] *See Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 542 (limiting employer liability under NYSHRL to those with "ownership interest or any power to do more than carry out personnel decisions made by others"); *see also e.g.*, *Goonewardena v. New York Workers Comp. Bd.*, 258 F. Supp. 3d 326, 346 (S.D.N.Y. 2017).

Plaintiff also fails to state a claim with respect to her state law causes of action. For example, Plaintiff asserts an unjust enrichment claim against State Defendant Hon. Scarpulla, for whom Plaintiff was previously a law clerk. (¶¶ 751-759.) However, Plaintiff fails to allege the basic elements of that claim, as there is no allegation that Justice Scarpulla received money or other value from Plaintiff without compensation. *Brumfield v. Trader Joe's Co.*, No. 17 Civ. 3239, 2018 WL 4168956, at *4 (S.D.N.Y. Aug. 30, 2018).[6]

C. The Complaint Violates FRCP 8

Finally, in violation of FRCP 8, the Complaint impermissibly "contain[s] a labyrinthian prolixity of unrelated and vituperative charges." *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972). Among other deficiencies, Plaintiff (i) has no private cause of action based on the alleged revision of the UCS sexual harassment policy, (¶¶ 538-573,) (ii) lacks standing to challenge UCS's hiring practices, (¶¶ 574-659,) and (iii) has no right to the demanded injunctive relief, including a monitor over UCS administration, (¶¶ 771-778.)

---

[5] This Court also lacks subject matter jurisdiction over the NYCHRL claims because, while Plaintiff purports to assert NYCHRL claims against the Individual Defendants in their individual capacities, the claims are properly regarded as claims against the State because they are based upon the Individual Defendants' actions as part of their official roles. *See Morell v. Batasubramanian*, 70 N.Y.2d 297, 301 (1987) ("[a] suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State.").

[6] Plaintiff's claim for negligence, defamation, fraud, or intentional infliction of emotional distress fare no better.

We appreciate the Court's consideration of this request and its attention to this matter.

          Respectfully submitted,

          /s/ Monica Hanna

          Monica Hanna
          Assistant Attorney General

cc:    Counsel for all parties (by ECF)

Attachment

# Appendix A

## Summary of Plaintiff's Claims and Corresponding State Defendants

| No. | ¶¶ | Claim | The State Defendant(s) |
|---|---|---|---|
| 1 | 660-665 | Equal Protection Under § 1983 (Retaliation) | Hon. Scarpulla, Hon. Silver, Hon. Marks, Mr. McConnell, Ms. Desole, Ms. Porter, Ms. Evans, Hon. Sattler, Mr. Reo, Mr. Chalfen, Hon. Fahey, Hon. Feinman, Hon. Garcia, Hon. Rivera, Hon. Stein, Hon. Wilson, and Hon. DiFiore |
| 2 | 666-669 | Conspiracy to Retaliate Under § 1983 | Hon. Scarpulla, Hon. Silver, Hon. Marks, Hon. DiFiore, Mr. McConnell, Ms. Desole, Ms. Porter, Ms. Evans, and Mr. Reo |
| 3 | 670-675 | Equal Protection Under § 1983 (Discrimination and Harassment) | Hon. Scarpulla, Hon. Silver, Hon. Marks, Hon. DiFiore, Mr. McConnell, Ms. Desole, Ms. Porter, Hon. Sattler, Ms. Evans, and Mr. Reo |
| 4 | 676-684 | Due Process Under § 1983 | Hon. Silver, Hon. Marks, Mr. McConnell, Ms. Desole, Ms. Porter, Ms. Evans, Hon. DiFiore, Hon. Fahey, Hon. Feinman, Hon. Garcia, Hon. Rivera, Hon. Stein, Hon. Wilson |
| 5 | 685-688 | First Amendment Under § 1983 (Retaliation) | Hon. Silver, Hon. Marks, Hon. DiFiore, Mr. McConnell, Ms. Desole, Ms. Porter, Ms. Evans |
| 6 | 689-692 | Equal Protection (Complaint Practices and Procedures) | Hon. DiFiore (official capacity) |
| 7 | 693-696 | Equal Protection (Hiring Practices) | Hon. DiFiore (official capacity) |
| 8 | 697-700 | Equal Protection (Sexual Harassment Policy) | Hon. DiFiore (official capacity) |
| 9 | 701-703 | Title VII Retaliation | State of NY |
| 10 | 704-706 | Title VII Discrimination and Harassment | State of NY |
| 11 | 707-709 | N.Y. Const., Art. VI, § 28(c) | Hon. Marks, Hon. DiFiore, Hon. Fahey, Hon. Feinman, Hon. Garcia, Hon. Rivera, Hon. Stein, Hon. Wilson |
| 12 | 710-713 | NYSHRL, NYCHRL Retaliation | Hon. Scarpulla, Hon. Silver, Hon. Marks, Mr. McConnell, Ms. Desole, Ms. Porter, Ms. Evans, Hon. Sattler, Mr. Reo, Mr. Chalfen, Hon. Fahey, Hon. Feinman, Hon. Garcia, Hon. Rivera, Hon. Stein, Hon. Wilson, and Hon. DiFiore |

| No. | ¶¶ | Claim | The State Defendant(s) |
|---|---|---|---|
| 13 | 714-717 | NYSHRL, NYCHRL Discrimination and Harassment | Hon. Scarpulla, Hon. Silver, Hon. Marks, Hon. DiFiore, Mr. McConnell, Ms. Desole, Ms. Porter, Hon. Sattler, Ms. Evans, and Mr. Reo |
| 14 | 718-721 | Negligence and Negligent Supervision | Hon. Scarpulla, Hon. Silver, Hon. Marks, Hon. DiFiore, Hon. McConnell, Ms. Desole, Ms. Porter, Ms. Evans, Hon. Sattler, Mr. Reo, Hon. Fahey, Hon. Feinman, Hon. Garcia, Hon. Rivera, Hon. Stein, Hon. Wilson |
| 15 | 722-725 | Intentional Infliction of Emotional Distress | Hon. Scarpulla, Hon. Silver, Hon. Marks, Mr. McConnell, Ms. Desole, Ms. Porter, Ms. Evans, Hon. Sattler, Mr. Reo, Mr. Chalfen, Hon. Fahey, Hon. Feinman, Hon. Garcia, Hon. Rivera, Hon. Stein, Hon. Wilson, and Hon. DiFiore |
| 16 | 726-729 | Fraud | Hon. Scarpulla, Hon. Silver, Ms. Desole, Ms. Porter, Ms. Evans, Mr. Reo |
| 17 | 730-733 | Fraudulent Inducement | Hon. Sattler |
| 22 | 751-759 | Unjust Enrichment | Hon. Scarpulla |
| 23 | 760-768 | Defamation | Mr. Chalfen |