NEW YORK STATE
Unified Court System
OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

June 14, 2019

**BY ECF**
Hon. Andrew L. Carter
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Marquez v. Hoffman, et al.,</u>
          S.D.N.Y., 18 cv 7315 (ALC)(GWG)

Dear Judge Carter:

    This Office represents the New York State Unified Court System ("UCS") in this action. In accordance with the Court's Individual Practices § 2.A., UCS respectfully requests a pre-motion conference in anticipation of its motion to dismiss.

**Background**

    By complaint, filed August 14, 2018, this action was commenced against New York State as well as individually named judges and employees of UCS. By Summons and Third Amended Complaint, dated May 21, 2019, and received by UCS on May 28, 2019, UCS was made a defendant in this action. Plaintiff alleges twenty-three causes of action, of which only two are alleged against UCS pursuant to Title VII for discrimination and retaliation. Plaintiff's remaining causes of action are comprised of claims for violations of plaintiff's First, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, claims for discrimination and retaliation pursuant to the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL"), and various common law torts. Plaintiff, in general, alleges that the defendants engaged in gender and race-based discrimination and retaliation by failing to investigate her complaints and by terminating her employment as a court attorney to defendant Justice Hoffman.

    According to the complaint, plaintiff worked as a law clerk to defendant Justice Scarpulla from 2012 to 2017, and then began working as Justice Hoffman's principal court attorney in September 2017. *Compl.* ¶¶ 1-2. Plaintiff alleges that soon after starting to work for Justice Hoffman, he engaged in conduct that made her "acutely uncomfortable," by discussing personal matters with her and by making inappropriate requests. *Compl.* ¶¶ 48, 50-51, 67-60, 88-90, 168, 175. On or about October 19, 2017, plaintiff informed Justice Hoffman that she wanted a transfer, and then took a leave of absence while she sought another position within UCS. *Compl.* ¶¶ 156-160. Thereafter, plaintiff allegedly complained to Justice Scarpulla about

Justice Hoffman, but Justice Scarpulla declined to take any action. *Compl.* ¶¶ 181-216. Plaintiff further alleges that the UCS Inspector General's Office and Human Resources department commenced investigating plaintiff's complaint but failed to investigate the matter to her satisfaction. *Compl.* ¶¶ 267-305, 321-61. As of December 15, 2017, plaintiff's employment was terminated after having not been offered a new position within UCS. *Compl.* ¶ 347.

### Plaintiff's Title VII Claims Should be Dismissed

As a preliminary matter, plaintiff's Title VII claims should be dismissed, because plaintiff should not be deemed an employee under the Title VII definition. *See* 42 U.S.C. § 2000e(f); *Bland v. New York*, 263 F. Supp. 2d 526, 535-45 (E.D.N.Y. 2003). *See also* N.Y. Judiciary Law § 36; N.Y. Ct. R. 5.1. As an employee directly employed through a Justice of the New York State Unified Court System and who serves at the discretion of the Justice, plaintiff should not be deemed to be covered under Title VII. *Compl.* ¶ 46-47.

Furthermore, plaintiff's claims based on Justice Hoffman's actions are time-barred. In New York, claims under Title VII must be filed with the EEOC within 300 days of the alleged unlawful act. *See* 42 U.S.C. § 2000e-5(e)(1); *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Discrete acts of discrimination and retaliation are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In such circumstances, the law is clear – "[w]hen a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." *Butts v. N.Y. City Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *abrogated by statute on other grounds*.

Here, plaintiff filed her administrative charge with the EEOC on August 15, 2018.[1] Accordingly, the operative date for determining the timeliness of her Title VII claims is October 19, 2017, i.e. 300 days before her EEOC filing. Any claims concerning alleged discriminatory acts prior to October 19, 2017, the last day plaintiff worked for Justice Hoffman, are time-barred. *Compl.* ¶¶ 149-160. Accordingly, plaintiff's allegations of discrimination and retaliation during her employment under Justice Hoffman are not actionable under Title VII.

### The Complaint Fails to State a Claim

Furthermore, even if plaintiff were deemed an employee under Title VII, she fails to sufficiently plead facts that would support a claim of discrimination or retaliation against the individual defendants after October 19, 2017. Plaintiff's allegations that the individual defendants failed to intervene or sufficiently respond to her complaints are insufficient to support a claim of discrimination or retaliation. The complaint is devoid of any allegation that the individual defendants, other than Justice Hoffman, actually engaged in discriminatory and retaliatory conduct.[2] The only alleged act that would not be time-barred was on December 15,

---

1 We note that plaintiff commenced this action on August 14, 2018 *before* filing her EEOC complaint on August 15, 2018, to which she attached a copy of her original complaint in this action.
2 As counsel to UCS, we do not represent the individual defendants, who are represented by the New York State Attorney General. Plaintiff, however, seeks to impute the alleged actions of the individual defendants to UCS.

2017 when defendant DeSole notified plaintiff that she had been terminated. Pursuant to N.Y. Judiciary Law § 36 and Rule 5.1 of New York's Uniform Rules of Court, plaintiff's employment with UCS was at the discretion of Justice Hoffman unless and until she found an alternative position within UCS, either by being hired at the discretion of a different UCS judge or by applying for and being offered a position within UCS, which she did not do. UCS had no obligation to continue her employment indefinitely until she found an alternative position. Accordingly, plaintiff's termination was not in the discretion of UCS or its employees, apart from Justice Hoffman.

### The Complaint Violates Fed. R. Civ. P 8

To the extent that the Court denies UCS leave to make the above anticipated motion to dismiss, or denies the motion to dismiss after further briefing, plaintiff should be directed to revise her complaint to comply with Rule 8 or have the complaint be dismissed. The Third Amended Complaint, dated May 21, 2019, is 131 pages long and numbers 716 paragraphs in length. Plaintiff's complaint violates Rule 8's requirement for a short and plain statement. *See Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir., 1988) (affirming District Court's dismissal of a fifteen page single spaced complaint that was "neither vague nor incomprehensible, [with] at least some claims that [could not] be termed frivolous" but nevertheless failed to comply with Rule 8's requirement for a short and plain statement); *see also Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972).

Accordingly, UCS respectfully requests a pre-motion conference to discuss the proposed motion to dismiss.

Respectfully submitted,

Michael J. Siudzinski
Assistant Deputy Counsel

cc: Anthony Vassilev, *counsel for Plaintiff*, via ECF
Proskauer Rose LLP, *counsel for defendant Hoffman*, via ECF
NYS Office of the AG, *counsel for NYS, UCS individual defendants*, via ECF