Anthony Vassilev, Esq.

June 19, 2019

**By ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:     *Marquez v. Hoffman, et al.*, 18-cv-07315 (ALC) (GWG) – Plaintiff's Opposition to Defendant UCS's Proposed Motion to Dismiss

Dear Judge Carter,

      I represent plaintiff Alexis Marquez in the above-captioned case. Plaintiff is a former law clerk in the New York State Unified Court System ("UCS"), the judicial branch of the State of New York, who alleges that (a) numerous court officials retaliated against her for making harassment complaints about a sitting judge, and that (b) the New York State judiciary has an unconstitutional policy and custom of ignoring, suppressing, and retaliating against employees who make such complaints against judges and other highly placed officials. I write in opposition to UCS's letter requesting a pre-motion conference in anticipation of its motion to dismiss.

**I.     UCS Employees Do Not Have "Discretion" to Violate Title VII**

      In moving for dismissal of Plaintiff's Title VII claims, UCS makes a stunning set of arguments that turn employment law on its head. UCS acknowledges that it was Plaintiff's employer, that Plaintiff worked for Acting Justice Douglas Hoffman, and that Plaintiff was fired after she made harassment complaints about Hoffman. However, UCS asserts that it cannot be held liable under Title VII for Hoffman's conduct because state statutes and regulations allow elected Supreme Court judges to appoint and remove law clerks, and that therefore Hoffman's decisions to hire and fire subordinate staff are "discretionary." According to UCS, Plaintiff fails to state a Title VII claim against UCS because her "termination was not in the discretion of UCS." Dkt. 101 at 3.

      First, UCS misstates Plaintiff's allegations.[1] Second, as a matter of law, this is exactly backward. A New York State judge's authority to hire and fire law clerks simply makes him a

---

[1] Plaintiff does not allege that Hoffman fired her. She alleges that Hoffman's unlawful conduct culminated in her termination from UCS and that a large number of additional UCS officials contributed to various adverse employment actions against her, including her termination. UCS also mischaracterizes a number of Plaintiff's other allegations. For example, Plaintiff does not allege that she took a "voluntary leave of absence while she sought another position within UCS." Nor does she allege that the Inspector General's Office and Human Resources department "commenced investigating plaintiff's complaint but failed to investigate the matter to her satisfaction." In addition, the statutes and regulations UCS cites do not apply to Hoffman. Those provisions apply to elected Supreme Court justices, and Hoffman is not an elected judge. Dkt. 86 at ¶ 46. As matter of practice, UCS itself does not interpret the provisions it cites to apply to Hoffman.

1

supervisor for purposes of Title VII. *Vance v. Ball State Univ.*, 570 U.S. 421, 450 (2013) ("an employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim"). Under Title VII, an employer is vicariously liable for harassment by a supervisor that culminates in a tangible employment action such as a termination of employment. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 762-63 (1998). Hoffman's alleged authority to terminate Plaintiff's employment is a *basis* for UCS's vicarious liability. It is not, as UCS argues, a reason to dismiss Plaintiff's Title VII claims.

UCS then asserts that it cannot be held liable under Title VII for the actions of any of its remaining employees because Plaintiff has not alleged any unlawful conduct by those employees and because, in any event, Plaintiff's employment was not in their "discretion." Dkt. 101 at 2-3. Here, UCS again simply ignores and rewrites Plaintiff's allegations.

Plaintiff alleges that she was subjected to a campaign of discrimination, harassment and retaliation by numerous UCS employees, including by a number of judges and administrators, in response to her internal complaints. For example, over the course of a few months, UCS employees severed critical professional relationships with Plaintiff (Dkt. 86 at ¶¶ 40, 182, 209-11); withheld job information from Plaintiff (¶¶ 187-88, 210, 213, 545-46); denied Plaintiff's transfer requests (¶¶ 17, 250, 333, 605); refused to consider Plaintiff's job application (¶¶ 229-30); refused to hire Plaintiff (¶¶ 245, 250, 259-62); demoted and transferred Plaintiff to a different borough (¶¶ 340-42, 409); terminated Plaintiff's employment (¶¶ 346-48, 410); intentionally interfered with, suppressed, and obstructed Plaintiff's internal opposition (*see, e.g.*, ¶ 572); conducted sham investigations intended to justify adverse employment actions against Plaintiff (¶¶ 300-02, 309, 314); subjected Plaintiff to a hostile work environment (*see, e.g.*, ¶¶ 210-12, 228, 241, 341-42, 365-73); refused to remedy and/or supervise subordinates engaging in such conduct (*see, e.g.*, ¶¶ 395-96, 414-15, 429-32, 436-37, 451-55, 457-60); and refused to respond to Plaintiff's complaints about discrimination, harassment, and retaliation (*see, e.g.*, ¶¶ 566-70).

Despite its argument to the contrary, UCS is liable under Title VII for the discriminatory and retaliatory adverse employment actions taken against Plaintiff by any of its employees. 42 U.S.C. § 2000e(b) (Title VII defines "employer" to include the employer's agents); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). UCS is also liable under Title VII for the conduct of employees who, with retaliatory or discriminatory motive, influenced adverse employment actions that were ultimately taken against Plaintiff by others. *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011); *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 274 (2d Cir. 2016).

Finally, UCS's most startling argument is not founded on any legal principle but is again premised solely on "discretion." UCS asserts that the employment of a law clerk who complains of harassment by her supervising judge is solely at the "discretion" of the alleged harasser and remains at the discretion of the alleged harasser "unless and until she found an alternative position within UCS, either by being hired at the discretion of a different UCS judge or by

2

applying for and being offered a position within UCS, which [Plaintiff] did not do." "Accordingly," UCS concludes, "plaintiff's termination was not in the discretion of UCS or its employees, apart from Justice Hoffman." UCS thereby disclaims "any obligation to continue [Plaintiff's] employment indefinitely" and simply faults Plaintiff for not seeking and obtaining a different job elsewhere in the New York judiciary. Dkt. 101 at 3.

Here, too, UCS ignores Plaintiff's actual allegations. For example, Plaintiff alleges that she sought and was denied a new position, a transfer, and information about job openings by several judges, including Deputy Chief Administrative Judge George Silver, in retaliation for her complaints. More importantly, UCS's reasoning is contrary to fundamental principles in both employment and constitutional law.[2] The fact that this position is advanced in a legal filing by UCS's Counsel's Office – an office that advises the judiciary's policymakers, drafts the judiciary's administrative rules, and was directly involved in handling Plaintiff's complaints – provides evidentiary support for a number of Plaintiff's other legal claims. Those claims include allegations that the New York judiciary has an unconstitutional policy and custom of failing to supervise, monitor, and/or discipline the unlawful employment practices of its officials (Dkt. 86 at ¶¶ 617-21); that the New York judiciary has unconstitutional and retaliatory hiring practices that dissuade protected activity by its employees (¶¶ 622-25); and that many of the individually named defendants made numerous fraudulent representations and omissions about the judiciary's internal complaint process (¶¶ 655-58).

## II. Plaintiff is an "Employee," Her Claims are Timely, and Her Complaint is Well Pled

The legal authority UCS cites for the proposition that Plaintiff is not an "employee" under Title VII does not apply to this case because Hoffman is not an elected official. *See Bland v. New York*, 263 F. Supp. 2d 526, 537 (E.D.N.Y. 2003) (applying an exemption under Title VII for the staff of elected officials). Furthermore, the actionable conduct Plaintiff alleges falls well within, or continues into, Title VII's limitations period. *See Morgan*, 536 U.S. at 117.

With respect to Federal Rule of Civil Procedure 8, Plaintiff alleges discrimination, harassment, and retaliation claims against a large number of individual defendants who were personally involved in handling her complaints. In addition, Plaintiff seeks federal injunctive relief to remedy ongoing, systemic civil rights violations in New York State's judicial branch. Plaintiff's pleading is a function of the scope of the problem in the New York State judiciary, the nature of the claims, the number of UCS employees involved in suppressing and mishandling Plaintiff's complaints, and the fact that Plaintiff seeks individual liability in order to obtain a full remedy and to deter future constitutional and statutory violations by the New York judiciary. Plaintiff's complaint is well within the requirements of Rule 8.

---

[2] Numerous doctrines in employment law, constitutional law, and torts impose liability on entities, supervisors, and principals for the conduct of their agents. UCS conceives the "discretion" of its judges to make employment decisions so expansively that it appears to disclaim any responsibility for supervising its employees, remedying ongoing harassment, preventing adverse employment actions resulting from harassment, or responding to internal complaints of harassment.

Respectfully submitted,

By:    /s/ Anthony Vassilev

       Anthony Vassilev, Esq.
       43 West 43rd Street, Suite 54
       New York, NY 10036
       (646) 755-7636
       tony@vassilev.cc

       *Attorney for Plaintiff*

cc: All counsel of record (by ECF)