**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X
ALEXIS MARQUEZ,                     :
                                 :
                Plaintiff,       :            18-cv-07315 (ALC) (GWG)
                                 :
      v.                        :           **OBJECTIONS TO**
                                 :           **MAGISTRATE'S ORDER**
DOUGLAS HOFFMAN, et al.,      :
                                 :
              Defendants.    :
                                 :
------------------------------------------------------- X

## <u>PRELIMINARY STATEMENT</u>

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Alexis Marquez files these Objections in response to certain rulings made by Magistrate Judge Gorenstein in the August 12, 2019, discovery conference in this case. These rulings were incorporated into the magistrate's minute order dated August 13, 2019, which reads: "Discovery orders issued. See transcript." The corresponding transcript (available at Dkt. 136) and minute entry are collectively referred herein as "the August 12 Order."

Plaintiff objects to and appeals the following aspects of Magistrate Judge Gorenstein's August 12 Order:

(1)     the decision to deny Plaintiff's counsel adequate time and opportunity to meaningfully participate in the start of discovery in this case given Plaintiff's other significant deadlines in this litigation; and

(2)     the decision to temporarily stay discovery with respect to *all eighteen* of

the individual State Defendants in this case without conducting the

relevant legal or factual analysis.[1]

Plaintiff requests the Court's immediate assistance in staying discovery until this

objection is resolved.  Proceeding with discovery as it is currently structured will result in

immediate and irreparable prejudice to Plaintiff's case.

After over nine months of delays, extensions, and adjournments in this case, the

defendants insist on starting discovery in this complex, multiparty litigation precisely as Plaintiff

is briefing her opposition to the defendants' dispositive motions to dismiss on a short deadline.

As described below, Plaintiff's counsel has simply been unable to participate in the start of

discovery at this stage.  The only reason to begin discovery precisely now, after nine months of

delay, is to impose burdens on Plaintiff that ensure that she cannot meaningfully participate in

the outset of the discovery process.

Immediately after motions to dismiss were filed in this case, the magistrate and the

defendants have suddenly moved forward with critical aspects of discovery.  In a little over one

week, the defendants have unilaterally (a) purported to hold a Rule 26(f) conference, (b)

negotiated the scope of initial document productions, (c) set a two-week document production

deadline, (d) scheduled document production to occur before initial disclosures, (e) drafted a

purported joint discovery plan to submit for the magistrate's approval, and (f) have begun

negotiating a confidentiality stipulation.  Plaintiff has been unable to participate in any of this

---

[1] The Office of the New York Attorney General ("OAG") has grouped the defendants in this case into three sets: the "State Defendants," the New York State Unified Court System ("UCS"), and Douglas Hoffman.  The State Defendants include the State of New York, UCS for the purposes of Plaintiff's injunctive claims, and all of the individually named defendants in this action except Hoffman.  The State Defendants are represented by the OAG. UCS is represented by its own Office of Counsel solely for the purposes of Plaintiff's Title VII claims.  Hoffman is represented by Proskauer Rose and filed an answer on February 19, 2019 (Dkt. 62).

activity due to her existing deadlines to respond to two case-dispositive motions to dismiss by the State Defendants and UCS, to respond to a motion to stay discovery by the State Defendants, to prepare and file these Objections to the magistrate's rulings within 14 days under Rule 72(a), and a variety of additional issues that have suddenly arisen now that Plaintiff is the only party under deadline.

Plaintiff's evidentiary interests will be fundamentally prejudiced if she is not afforded a full and complete opportunity to participate in the outset of discovery. Plaintiff therefore respectfully asks the Court to temporarily stay all discovery until the Court has had an opportunity to review and address these Objections.

Plaintiff's specific objections to the substance of the magistrate's August 12 Order are addressed below. For the reasons set forth herein, Magistrate Judge Gorenstein's August 12 Order denying Plaintiff adequate time to prepare for the start of discovery and granting a temporary stay of discovery to all eighteen Sate Defendants is clearly erroneous and contrary to law. Accordingly, Plaintiff respectfully asks the Court to set aside the August 12 Order, defer the start of discovery until the current set of outstanding motions are fully briefed (currently November 29, 2019), and issue a scheduling order that provides all parties in this case with reasonable deadlines to participate in the outset of discovery.

Finally, Plaintiff requests that Judge Carter preside over discovery proceedings for the remainder of this case. Given the number of contested discovery issues that have already proliferated in a brief period of time, Plaintiff intends to preserve her rights to appeal by filing objections to all discovery rulings by the magistrate under Rule 72(a). In order to conserve the resources of the Court and the parties and to avoid unnecessary motion practice, Plaintiff

respectfully requests that Judge Carter make the discovery decisions in this case in the first instance.

**STATEMENT OF FACTS**

Plaintiff is a former law clerk in the New York State judiciary who alleges that the judge she worked for, defendant Douglas Hoffman, subjected her to sex- and race-based discrimination, harassment, and retaliation, and that a large number of court officials (the individual "State Defendants") retaliated against her for making complaints about Hoffman.

Specifically, Plaintiff alleges that after she made internal complaints about Hoffman, each individual State Defendant personally took, caused, approved, and intentionally refused to remedy a large number of adverse employment actions against her. For example, Plaintiff alleges that, over the course of several months, the State Defendants severed critical professional relationships with Plaintiff; withheld job information from Plaintiff; denied Plaintiff's transfer requests; refused to consider Plaintiff's job application; refused to hire Plaintiff; demoted and transferred Plaintiff to a different borough; terminated Plaintiff's employment; intentionally interfered with, suppressed, and obstructed Plaintiff's internal opposition; conducted a sham investigation intended to justify adverse employment actions against Plaintiff; created a hostile work environment; intentionally refused to supervise subordinates engaging in such conduct; and intentionally refused to respond to Plaintiff's complaints about discrimination, harassment, and retaliation.

Plaintiff alleges that, during this period, she sent over 51 written communications related to her complaints and that she was fired without receiving any response to those complaints from anyone in the entire New York State judiciary. She further alleges that the offices, mechanisms and personnel within New York State's judicial branch that ostensibly exist to respond to

employee complaints in fact operate to ignore, suppress, and retaliate against employees who report discrimination, harassment, and retaliation by judges and other highly placed or politically connected personnel.

Plaintiff asserts three types of claims. First, Plaintiff asserts discrimination, harassment, retaliation, and tort law claims against Hoffman and the individual State Defendants pursuant to 42 U.S.C. § 1983 ("1983"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), and state common law. Second, Plaintiff asserts claims under 42 U.S.C. §§ 2000e *et seq.* ("Title VII") against her employer, the State of New York and/or the New York State Unified Court System ("UCS"). Third, Plaintiff challenges the New York State judiciary's internal complaint procedures, hiring practices, and revised state-wide sexual harassment policy under the Equal Protection Clause.

## PROCEDURAL HISTORY

Motions to dismiss were recently filed in this case more than eight months (245 days) after Plaintiff served the State Defendants with her complaint in November 2018. The lengthy outset of this litigation has been characterized by two main developments: First, the State Defendants have successfully delayed and stalled this case by obtaining a staggering number of extensions and adjournments (at least eight in total) all before filing their motion to dismiss. Second, counsel for Defendant Hoffman has continuously sought to obtain early and unilateral document discovery before Hoffman is himself subject to discovery or initial disclosures.

Compounding the mounting discovery disputes in the case, Magistrate Judge Gorenstein has elected not to apply certain Federal Rules of Civil Procedure to the outset of this complex multiparty litigation. For example, nine months into this case, Plaintiff has been unable to obtain a Rule 16(b) scheduling order. The absence of judicial management has emboldened the

defendants to abuse the litigation process through various strategies, including by making unreasonable scheduling demands on Plaintiff and by taking extreme discovery positions (e.g., making repeated attempts to obtain unilateral document disclosures, setting document production deadlines before initial disclosures, filing confidential documents into the public record, etc.).

This set of circumstances has culminated in Magistrate Judge Gorenstein's August 12 Order, causing severe prejudice to Plaintiff's evidentiary interests and prompting Plaintiff to file these Objections. As it now stands, as a result of the magistrate's order, (a) Plaintiff is unable to participate in the start of discovery in this litigation, and (b) discovery has been stayed with respect to *all eighteen* of the individual State Defendants without any relevant legal or factual analysis by the Court.

The following is a summary of the procedural history of this case: On April 1, 2019, Judge Carter referred this case to Magistrate Judge Gorenstein for general pre-trial proceedings. On April 30, the magistrate issued an order directing all parties to appear for an initial case management conference. The magistrate's order further directed the parties to meet and confer under Rule 26(f), to prepare and submit a Proposed Scheduling Order, to propose specific dates for initial document requests and initial interrogatories, and to propose any limitations to be placed on discovery, including any necessary protective or confidentiality orders. Dkt. 75 at 2.

Plaintiff was the only party to comply with the Court's order. The State Defendants refused to confer with the other parties pursuant to Rule 26(f) and, two days before the conference, filed a pre-motion letter requesting to stay discovery for all eighteen State Defendants. Dkt 83. One day before the conference, Hoffman filed a letter seeking permission to serve an early Rule 45 nonparty subpoena on UCS for the court system's investigative file and various employment records and emails. Dkt. 84. Plaintiff filed a letter submitting a proposed

discovery schedule, responding to the defendants' letters, and requesting several limitations and modifications to discovery based on the specific needs of the case. Dkt. 85.

On May 16, 2019, Magistrate Judge Gorenstein held an initial case management conference. At the conference, the magistrate invalidated an agreement between Plaintiff and Hoffman for mutual and simultaneous discovery for all parties that would begin after motions to dismiss were fully briefed; declined to hear argument on the merits of the case against the eighteen State Defendants seeking to stay discovery; deferred Plaintiff's concerns regarding discovery until a later conference; and repeatedly declined to hear Plaintiff's argument that UCS was already a party to the suit. *See* Dkt. 105 at 2.

To address the Court's reluctance to rule on whether UCS was a party to the litigation, Plaintiff offered and was given leave to amend her complaint to explicitly name UCS as a defendant. Judge Gorenstein instructed the parties to request another scheduling conference once UCS appeared and, in the meantime, categorically and unambiguously stayed all discovery for all parties. Dkt. 89, May 16, 2019, Tr. 35:3-6 ("The temporary stay is with respect to everybody as to everything.").

Shortly after the conference, the Court docketed a written order permitting Hoffman – and *only* Hoffman – to serve discovery requests on UCS once it appeared in the case. Plaintiff promptly filed a letter requesting a correction to conform the Court's order with the magistrate's oral ruling at the conference; arguing that Hoffman should be subject to discovery if he is to propound discovery requests; and explaining that Plaintiff would be substantially prejudiced by unilateral discovery by Hoffman. Dkt. 91, 93. The Magistrate denied Plaintiff's request for a correction and instead permitted Plaintiff to also serve discovery requests on UCS, which Plaintiff had not sought. Dkt. 94.

Plaintiff amended her complaint to explicitly name UCS as a defendant and again served UCS in the same manner that she had served UCS at the outset of this litigation. On June 14, 2019, UCS appeared in the case and Hoffman immediately served document requests on UCS.

On July 22, Plaintiff filed a pre-motion letter seeking leave to file a motion for a protective order to stay Hoffman's discovery requests to UCS, for a simultaneous start to discovery for all parties, and for an initial scheduling order in the case. Magistrate Judge Gorenstein scheduled a conference.

On August 8, four days before the conference with the magistrate, the State Defendants and UCS each filed a motion to dismiss Plaintiff's complaint and the State Defendants filed a motion to stay discovery. As exhibits to their motions, the State Defendants and UCS filed Plaintiff's highly confidential internal harassment complaints on the open docket. Plaintiff immediately sought a temporary seal over these documents. The State Defendants insisted that Plaintiff submit full briefing to permanently seal her internal harassment complaints and proposed that Plaintiff brief the issue within two weeks. Dkt. 129, 135.

On August 12, Judge Gorenstein held a status conference with the parties, presumably in response to Plaintiff's pre-motion request for a protective order to stay Hoffman's discovery requests to UCS, for a simultaneous start to discovery for all parties, and for an initial scheduling order in the case. The magistrate began the August 12 conference by rejecting Plaintiff's requests without discussion or oral argument. Dkt. 136, Aug. 12, 2019, Tr. 4:20-24 ("So I'm going to, one way or another, figure out a way to go forward with discovery because there is no reason that this piece of the case should be held hostage to the other pieces where there have been motions to dismiss"). The magistrate then granted a temporary stay of all discovery to all eighteen State Defendants without conducting any relevant legal or factual analysis; ordered the

parties to participate in a Rule 26(f) conference to take place within one week; repeatedly

rejected Plaintiff's requests for additional time to participate in the start of discovery due to her

other pending deadlines in the case; and ordered Hoffman, Plaintiff, and UCS to submit a

proposed discovery plan and to begin serving and responding to discovery requests limited to an

ill-defined "Hoffman period."

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge enters an

order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar v. Sara Lee

Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (pre-trial discovery issues are generally considered

nondispositive matters). "An order is 'contrary to law' when it fails to apply or misapplies

relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321

(S.D.N.Y. 2001). "An order is 'clearly erroneous' only when the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*;

*DeCastro v. Kavadia*, No. 12 Civ. 1386 (S.D.N.Y. July 6, 2015). A party must timely object to a

magistrate judge's finding in order to preserve his or her right to appeal. *Caidor v. Onondaga

Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

## OBJECTION 1

## MAGISTRATE JUDGE GORENSTEIN'S DECISION TO DENY PLAINTIFF ADEQUATE TIME TO PARTICIPATE IN THE START OF DISCOVERY IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

Plaintiff objects to the portion of Magistrate Judge Gorenstein's August 12 Order directing the parties to begin discovery immediately and denying Plaintiff's request to defer the start of discovery until she submits her oppositions to the defendants' three pending motions. The magistrate's ruling deprives Plaintiff of any adequate time or opportunity to participate in the outset of the discovery process in this litigation and is clearly erroneous and contrary to law.

Plaintiff respectfully asks the Court to set aside the August 12 Order, defer the start of discovery until the current set of motions are fully briefed (currently November 29, 2019), and issue a scheduling order that provides all parties in this case with reasonable deadlines to participate in the outset of discovery, including a specific date for exchanging initial document requests and interrogatories.

Plaintiff is currently under a short deadline to respond to two case-dispositive motions to dismiss and one additional motion to stay discovery filed by three separate attorneys. *See* Dkt. 141. Following over eight months of inactivity, delays, extensions, and adjournments by the defendants, Plaintiff is currently the only party under a case-dispositive briefing deadline. Immediately after briefing oppositions to these three motions, Plaintiff is also scheduled to brief a motion to permanently seal her own highly confidential harassment complaints, which were filed publicly as exhibits to the defendants' motions to dismiss. *Id.* A substantial portion of Plaintiff's allotted time has also been consumed preparing and submitting these Objections to the magistrate's August 12 Order within 14 days as required by Rule 72(a).

Within this brief and critical time frame, Magistrate Judge Gorenstein has now also ordered the parties in this complex, multiparty litigation to immediately begin discovery at a lightning pace. In his August 12 Order, the magistrate directed the parties to hold a Rule 26(f) conference within one week, to submit a joint discovery plan to the court, and to begin serving and responding to discovery requests. Dkt. 136, Aug. 12, 2019, Tr. at 24:15-19, 46:13-15. As a result of the magistrate's August 12 Order, Plaintiff is now unable to participate in outset of discovery in this litigation.

Plaintiff has repeatedly asked the Court in writing to set a discovery schedule that would permit her to adequately participate in discovery after motions to dismiss were fully briefed. *See* Dkt. 85 at 5, 105 at 4, 116 at 1. In the August 12 conference, Plaintiff repeatedly requested sufficient time to prepare for the start of discovery, presenting the magistrate with a number of arguments, including: (a) that Plaintiff needed five full weeks to respond to case-dispositive motions that the State Defendants have had more than eight months to prepare; (b) that Plaintiff does not have sufficient time to respond to the currently pending motions while also participating in the start of discovery; (c) that, in setting deadlines, the Court should take into account the significant resource disparity between Plaintiff and three sets of defendants who are represented by numerous attorneys; (d) that the Federal Judicial Center's Manual for Complex Litigation instructs district courts to account for resource disparities between plaintiffs and defendants in employment discrimination cases specifically; and (e) that Plaintiff's litigation interests would suffer tremendous prejudice if she is not given an opportunity to complete her work. Dkt. 136, Aug. 12, 2019, Tr. at 20-21, 43-46.

Judge Gorenstein denied Plaintiff's request for additional time on the grounds that the magistrate does not "see any prejudice from going forward with [discovery]" and that "the

burden of doing a Rule 26(f) conference" within one week and also "drafting discovery requests that relate only to Hoffman" while Plaintiff is also responding to case-dispositive motions is "minimal." Dkt. 136, Aug. 12, 2019, Tr. at 41:21-22, 46:13-15.

Within hours of the magistrate's order, the defendants – having previously obstructed Plaintiff's attempts to advance the case, hold a Rule 26(f) conference in May, or present a joint scheduling plan to the Court – swiftly moved forward with critical aspects of discovery precisely as Plaintiff was unable to participate in the discovery process. After eight months of delays, over the course of one week, the defendants have unilaterally (a) purported to hold a Rule 26(f) conference, (b) negotiated the scope of initial document productions, (c) set a two-week document production deadline, (d) deferred Rule 26(a) initial disclosures until after Hoffman has obtained critical evidence in the case, and (e) have begun negotiating a confidentiality stipulation. *See* Vassilev Decl. ¶¶ 1-5. Plaintiff has been unable to either prepare for, meaningfully object, or participate in any of this activity. (Incidentally, within the same week, the State Defendants have *also* sought to create unnecessary motion practice for Plaintiff under a short deadline (*see* Dkt. 129, 133) and have sought to block Plaintiff's first and only extension request in this entire case (*see* Dkt. 138, 140).)

The magistrate's August 12 Order denying Plaintiff sufficient time to prepare and participate in the start of discovery in this case is clearly erroneous and contrary to law. While Plaintiff recognizes the Court's discretion to manage discovery, the Court is also obligated to ensure that each party is afforded a fair opportunity to develop and prepare their case. A party is entitled to ample time to conduct discovery on her claims. *See, e.g.*, *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375-76 (2d Cir. 1995) (reversing the district court for failing to give an employment discrimination plaintiff "ample opportunity" to conduct discovery). Specifically with respect to

Rule 26(f), the Advisory Committee recognizes that in some cases "the parties cannot prepare adequately for a meaningful Rule 26(f) conference and then a scheduling conference in the time allowed" and that parties in "litigation involving complex issues, multiple parties, and large organizations, public or private, may be more likely to need extra time." 2015 Advisory Committee's Notes on Fed. Rule Civ. Proc. 16.

In making judicial management decisions, "[t]he court must apply the [Rule 26] standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party." *Id.* This is an especially important consideration "in many cases in public policy spheres, such as employment practices." *Id.* Yet, in this specific case – a complex, multiparty litigation involving longstanding institutional employment practices and issues of constitutional law brought by a single law clerk against individual judges and New York State's judicial branch – the Court's treatment of the parties, especially with respect to deadlines, has been egregiously unbalanced. In one particularly stark example, the Court has afforded the defendants in this case *eight* extensions and adjournments while denying Plaintiff's *first and only* extension request. Dkt. 138, 141, 142. In another, the Court has found it appropriate to grant one attorney for the defendants five weeks to submit a single reply brief on the sole grounds that the attorney had a scheduled vacation. Dkt. 111, 113. Meanwhile, after nine months of delays and inactivity in favor of the defendants, Plaintiff has suddenly been allotted a single week to participate in a Rule 26(f) conference while also briefing oppositions to case-dispositive motions.

The magistrate's finding that Plaintiff will suffer "no prejudice" under the current deadlines and that Plaintiff's counsel can reasonably be expected to complete the following tasks within five weeks: (a) research and write a 40-page opposition brief to two separate motions to

dismiss; (b) research and write an opposition brief to a motion to stay discovery; (c) prepare for and participate in a Rule 26(f) conference with three groups of defendants who have complicated custody and control restrictions subject to the objections of eighteen individual defendants; (d) adequately consider, formulate objections to, and submit to the Court a joint discovery plan; (e) determine how to prepare and serve discovery requests under the magistrate's unworkable scope of discovery limited to "the Hoffman period" (addressed further below); (f) prepare and submit this objection to the magistrate's rulings within 14 days; (g) negotiate a confidentiality stipulation to adequately protect Plaintiff's litigation interests and confidential documents that have already been improperly produced into the public record; (h) and more, is clearly erroneous. This record is plainly sufficient to leave the Court with the definite and firm conviction that a mistake has been committed by the magistrate. As currently structured, Plaintiff is simply unable to participate in the start of discovery given her other court-ordered deadlines.

Plaintiff respectfully asks the Court to provide her with an adequate and fair opportunity to develop and prepare her case. Accordingly, Plaintiff requests that the Court set aside the magistrate's August 12 Order, defer the start of discovery until the current set of motions are fully briefed, and issue a scheduling order that provides all parties in this case with reasonable deadlines to participate in the outset of discovery, including a specific date for exchanging initial document requests and interrogatories. Plaintiff seeks the Court's assistance in ensuring that this case is litigated on its merits and not on the basis of the resources of the parties.

## OBJECTION 2

## MAGISTRATE JUDGE GORENSTEIN'S DECISION TO TEMPORARILY STAY DISCOVERY FOR THE STATE DEFENDANTS IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

Magistrate Judge Gorenstein's decision to temporarily stay discovery for *all eighteen* of the State Defendants is clearly erroneous and contrary to law. The magistrate's August 12 Order failed to apply nearly every aspect of the appropriate legal standard.

The mere filing of a motion to dismiss does not stay discovery. *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709, 2018 WL 1989585, at * 3 (S.D.N.Y. April 26, 2018) (Gorenstein, J.). The party seeking a stay of discovery bears the burden of showing good cause for the issuance of a stay. *Republic of Turkey v. Christie's, Inc.*, 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018). "In assessing a motion to stay discovery, courts examine three factors: '1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Vista Food Exchange, Inc. v. Lawson Foods, LLC*, No. 17-7454, 2018 WL 4278342, at * 1 n.1 (S.D.N.Y. May 1, 2018) (Carter, J.). The same standard applies to temporary stays of discovery. *Id.* "The movant bears the burden as to all three factors." *Id*.

In granting a temporary stay to all eighteen State Defendants, Magistrate Judge Gorenstein has not performed or articulated any aspect of this analysis. At no point has the magistrate assessed either the strength of the defendants' motion to dismiss or the breadth of discovery sought from the State Defendants. In addition, the magistrate has repeatedly declined to account for the substantial evidentiary prejudice to Plaintiff resulting from a stay.

Plaintiff respectfully requests that the Court set aside Judge Gorenstein's August 12 Order granting a temporary stay to all eighteen of the State Defendants and enter a reasonable

discovery schedule for all parties to start after the current outstanding motions are fully briefed, or alternatively, after the Court renders a decision on the pending motions to dismiss.  *See also* Dkt. 105 at 6 (alternatively requesting a stay until motions to dismiss are decided).

A. **The Magistrate Did Not Assess the Strength of the State Defendants' Motion to Dismiss**

Magistrate Judge Gorenstein has conducted no analysis of the strength or merits of the motion to dismiss the complaint against any of the eighteen individual State Defendants.  The defendants themselves, in their own motion to dismiss, make no arguments whatsoever related to Plaintiff's core retaliation claims against any of the individually named State Defendants besides the Associate Justices of the New York Court of Appeals.  Dkt. 123 at 11-15.  Stunningly, in the entire nine months since Plaintiff served the State Defendants with her complaint, not a single specific argument has been articulated – either by the magistrate or by defense counsel – for dismissal of Plaintiff's core retaliation claims against defendants Saliann Scarpulla, George Silver, Lawrence Marks, John McConnell, Lauren DeSole, Kay-Ann Porter, Lisa Evans, Lori Sattler, Denis Reo, Lucian Chalfen, or Janet DiFiore.

In various letters to the Court, Plaintiff has repeatedly established that her complaint plausibly alleges that each State Defendant was personally involved in taking, causing, and intentionally refusing to remedy numerous adverse employment actions against Plaintiff in response to her internal discrimination, harassment, and retaliation complaints.  *See* Dkt. 65 at 1-2; Dkt. 85 at 2-3; Dkt. 102 at 1-2.  Plaintiff has also repeatedly noted that the defendants have failed to make any particularized argument with respect to the individual State Defendants.  *See, e.g.*, Dkt. 85 at 2.

In both discovery conferences held thus far, Magistrate Judge Gorenstein has explicitly declined to consider – or has noted that he has not considered – the merits of the State

Defendants' motion to stay discovery. *See* Dkt. 89, May 16, 2019, Tr. at 6:21-7:11 (declining to hear argument on the merits of the State Defendants proposed motion); Dkt. 136, Aug. 12, 2019, Tr. at 5:11-12 (noting that the Court had not looked at the State Defendant's motion to stay discovery); 13:10-17 ("let's not worry about which of the 18, if any, are responsible for the firing and the retaliation"); 31:17 ("I didn't want to read the motions to dismiss").

Such cursory review, or the absence of any review, falls substantially short of the analysis required to assess whether the State Defendants have presented strong arguments for dismissal that warrant the issuance of a stay. *See NAACP v. Trump*, No. 17 Civ. 05427 at 5-8 (S.D.N.Y. November 17, 2017) (Carter, J.).

### B. The Magistrate Did Not Examine the Breadth of Discovery Sought from the State Defendants

Likewise, Magistrate Judge Gorenstein has conducted no analysis of the breadth of discovery sought from the State Defendants at this stage. Plaintiff has not served any discovery requests on the State Defendants. In fact, Plaintiff has consistently sought to start discovery for all parties after motions to dismiss are fully briefed. In her later communications with the Court, Plaintiff has even offered as an alternative to stay discovery for all parties entirely until motions to dismiss are fully decided in order to adequately preserve critical evidentiary interests. Dkt. 105 at 6.

In the August 12 conference, the magistrate appeared to consider only two extremes – either a full stay with respect to all eighteen State Defendants or a complete schedule of intrusive discovery, including depositions, of all eighteen individual State Defendants before motions to dismiss are decided by the Court. Dkt. 136, Aug. 12, 2019 Tr. at 13:14-25 (raising the specter of deposing all eighteen State Defendants but declining to acknowledge Plaintiff's proposed limitations).

At this stage, the magistrate simply has conducted no analysis of the breadth of discovery sought by Plaintiff.  Accordingly, a complete stay is not warranted for all eighteen State Defendants, particularly in light of the substantial evidentiary prejudice that Plaintiff would suffer from such a stay.  *See, e.g.*, *Batalla Vidal v. Duke*, 2017 WL 4737280 at * 4 (S.D.N.Y. October 19, 2017) (breadth of discovery requests does not warrant a stay in light of prejudice to plaintiff).

### C.    The Magistrate Did Not Consider the Significant Prejudice That Plaintiff's Case Would Suffer If a Stay Is Granted to the State Defendants

Magistrate Judge Gorenstein failed to consider, or improperly weighed, the third factor of the analysis – the prejudice to the parties opposing a stay.  To establish good cause for a stay of discovery, the State Defendants bear the burden of showing a lack of prejudice to Plaintiff and Hoffman that would result from a stay.  The State Defendants have failed to meet this burden entirely.  In their May 14, 2019, letter to the Court requesting permission to file a motion to stay, the State Defendants address the third factor simply by making a conclusory statement that "a stay will not prejudice Defendant Hoffman or Plaintiff."  Dkt. 83 at 5.  In their full motion to stay discovery filed on August 7, 2019, the State Defendants do not address the prejudice to Plaintiff at all.  *See* Dkt. 125.

In multiple letters to the Court, Plaintiff has repeatedly addressed the critical and irreparable prejudice that her evidentiary and litigations interests will suffer if discovery is stayed as to the State Defendants but proceeds as to Hoffman and UCS.  Dkt. 93, 105 at 4-6.  Although Plaintiff does not bear the burden to establish prejudice, we briefly address here the irreparable harm Plaintiff's case will suffer in order to underscore the fundamental error of issuing a stay with respect to *all* of the employer's agents who *directly handled* internal harassment complaints in an employment retaliation case in general, and under these facts in particular.

Plaintiff's complaint alleges that, after she was subjected to harassment, discrimination, and retaliation by Defendant Hoffman, she made reports to many of the individual State Defendants, including Scarpulla, Silver, Marks, McConnell, DeSole, Porter, Evans, Reo, DiFiore, and Fahey et al. but never received a response to any of her complaints. Plaintiff alleges that, over the course of several months, while she repeatedly reported Hoffman's conduct and ongoing retaliation by UCS officials, the individual State Defendants continuously retaliated against her for making complaints, conducted a fraudulent investigation into her claims, and ultimately denied Plaintiff a job, demoted, and fired her without any explanation. Plaintiff further alleges that the defendants intentionally concealed the identity of the decisionmakers who reviewed her complaints and took adverse actions against her. To date, nearly two years since the underlying incidents and nine months into this litigation, neither Hoffman nor any of the individual State Defendants have offered any reasons for taking various adverse employment actions against Plaintiff, nor has anyone informed Plaintiff of the outcome of the alleged investigation.

Shielding the individual State Defendants from discovery not only prevents Plaintiff from gathering the evidence that is central to her claims. More importantly, allowing Hoffman to move forward with discovery while simultaneously staying discovery for the remainder of the employer's agents will irreversibly spoil the evidence in this litigation by allowing individual State Defendants to tailor their testimony and disclosures to the evidence produced. Conducting simultaneous discovery of the defendants permits Plaintiff (a) to uncover discrepancies and inconsistencies in the defendants' disclosures, and (b) to test the integrity and adequacy of the alleged investigation that is at issue in this case.

This is not a minor issue. Such evidence is not only persuasive but is often central in employment discrimination claims and is by itself sufficient to move a plaintiff past summary judgment. Under the prevailing law of the Second Circuit, "[a] plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action. From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason." *Zann Kwan v. Andalex Group LLC*, 737 F. 3d 834, 846 (2d Cir. 2013).

Allowing the individual State Defendants to withhold disclosures while other parties conduct discovery permits the defendants to coordinate, rally around or, at worst, fabricate narratives tailored to the evidence produced. Plaintiff's ability to test inconsistencies in the various defendants' explanations will be severely limited. Key circumstantial evidence will be irreversibly lost. The "ultimate issue" with respect to the personally named defendants is whether each individual state official acted with retaliatory motive or was deliberately indifferent to ongoing constitutional violations. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004). "Where an employer has acted with discriminatory intent, direct evidence of that intent will only rarely be available, so that affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008) (internal quotation marks omitted).

The magistrate's failure to recognize "any prejudice" to Plaintiff's evidentiary interests is the result of a fundamental misapprehension of discrimination and retaliation law. Dkt. 136, Aug. 12, 2019, Tr. at 41:21. The view that Plaintiff's discovery into her claims against Hoffman

and her employer, on the one hand, and her claims against the individual State Defendants, on the other, can somehow be neatly divided into a "Hoffman period" and "post-Hoffman period" is legally erroneous and illogical. See Dkt. 136, Aug. 12, 2019, Tr. at 37:12-14, 41:5-8, 47:8-12. First, as even UCS counsel admits, Plaintiff's Title VII claims against the employer are entirely premised on vicarious liability for actions taken by the its individual agents, including the State Defendants. See Dkt. 101 at 2 n.2. Second, the Second Circuit has firmly established the evidentiary significance of an employer's response to a discrimination complaint – taken through the actions of its managers – to the central issue of whether discrimination or retaliation has occurred. "Title VII suits often require a court or jury to consider whether an employer's response to an allegation of discrimination itself constitutes evidence of discrimination or liability for discrimination . . . [F]ailure of an employer to conduct an adequate investigation or to undertake an appropriate response can constitute evidence in support of a Title VII plaintiff's allegations. For that reason, we have observed that, in the Title VII context, 'an employer must consider not only the behavior of the alleged offender, but also the response, if any, of its managers.'" *Sassaman v. Gamache*, 566 F.3d 307, 314-15 (2d Cir. 2009).

The inconsistency in the magistrate's approach to discovery in an employment retaliation case with multiple individual defendants is immediately apparent when considering, for example, the conduct of the court system's investigator, State Defendant Kay-Ann Porter. Is Porter's failure to follow procedures, or to ask Plaintiff any questions, as part of the employer's investigation into Plaintiff's complaints about Hoffman relevant to the "Hoffman period" or the "post-Hoffman period"? The distinction quickly becomes untenable. Such prejudicial limitations on the scope of discovery – preventing inquiry into how the employer's agents responded to protected opposition – is never appropriate in any retaliation case. It is particularly

inappropriate, problematic, and prejudicial in a case where the plaintiff has received no response to any of her complaints, the employer has withheld basic information about the identities of the decision-makers involved, and the plaintiff has plausibly alleged an intentionally retaliatory and inadequate investigation. *See also* Dkt. 105 at 4-6 (arguing that simultaneous discovery of the relevant defendants is critical to Plaintiff's evidentiary interests).

Magistrate Judge Gorenstein's decision to issue a temporary stay to the State Defendants is clearly erroneous and contrary to law because the magistrate did not assess the strength of the State Defendants' motion to dismiss, did not examine the breadth of discovery sought by Plaintiff, and did not consider the substantial prejudice to Plaintiff's case that will result from a stay. Accordingly, Plaintiff respectfully asks that the Court to set aside the August 12 Order granting a temporary stay to the State Defendants.

## <u>OBJECTION 3</u>

### <u>PLAINTIFF RESPECTFULLY REQUESTS THAT JUDGE CARTER PRESIDE OVER DISCOVERY PROCEEDINGS IN THIS CASE</u>

Over a short span of time in the outset of this litigation, Plaintiff has had her highly confidential information filed publicly despite her requests for a confidentiality order, her evidentiary interests have been irreparably harmed by the premature distribution of her internal complaints to the individual defendants, she has been unable to obtain written orders consistent with the magistrate's rulings in conference, has been unable to obtain a scheduling order, has served the same defendant twice, has been unable to convince the magistrate to recognize "any prejudice" to her evidentiary interests, and her counsel has not been afforded sufficient time to meaningfully participate in the start of discovery in this litigation.

Plaintiff intends to fully preserve her rights to appeal all discovery rulings under Rule 72(a) throughout the course of this litigation. In order to conserve the resources of the Court and

the parties, Plaintiff respectfully requests that Judge Carter make the discovery decisions in this case in the first instance.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court set aside the August 12 Order and (1) defer the start of discovery until the current outstanding motions are fully briefed on November 29, 2019, or alternatively, until a decision is rendered on UCS and the State Defendants' motions to dismiss; (2) issue a scheduling order that provides all parties in this case with reasonable deadlines to participate in the outset of discovery; (3) vacate the temporary stay of discovery as to the State Defendants; and (4) preside over discovery proceedings in this case in the first instance.

DATED: August 27, 2019     By: /s/ Anthony Vassilev

              Anthony Vassilev, Esq.
              43 West 43rd Street, Suite 54
              New York, NY 10036
              (646) 755-7636
              tony@vassilev.cc

              *Attorney for Plaintiff*