UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                     :

ALEXIS MARQUEZ,
                                                     :

             Plaintiff,                  ORDER PURSUANT TO RULE 16(b)
                                                     :

     -v.-

                                                     :        18 Civ. 7315 (ALC) (GWG)

DOUGLAS HOFFMAN, et al.,                :

             Defendants.           :
----------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court is in receipt of the parties' Rule 26(f) Discovery Plan. (Docket # 144). The Court notes that while plaintiff did not participate in the conference as ordered by the Court, she did take the Court up on its offer (Docket # 145) to submit her views in writing. (Docket # 148). Although the Court disagrees with many of her characterizations of the Court's rulings, it has considered plaintiff's submission.

      Having considered the parties' views, the following scheduling order is issued pursuant to Fed. R. Civ. P. 16(b)(1)(A) with respect to the claims of plaintiff against defendant Douglas Hoffman as to which no request for a stay has been made.[1] The Court notes that its purpose is to advance the discovery on the one claim that is certainly going forward (that is, plaintiff's claim against Hoffman).

1. The deadline for initial disclosures by plaintiff and Hoffman (with respect to the claims of plaintiff against Hoffman) under Fed. R. Civ. P. 26(a)(1) were due within 14 days of the Court-ordered Rule 26(f) conference, which the Court is informed took place on August 15, 2019. Nonetheless, the deadline for such disclosures is extended to October 9, 2019.

2. With respect to document requests already made by Hoffman to the New York Unified Court System ("UCS") on June 17, 2019, the New York State defendants and UCS will undertake a search to determine whether any hard copy documents for the period from September 13, 2017 through December 31, 2017, exist in the files of defendants Saliann Scarpulla, George Silver, Denis Reo, Lawrence Marks, Lauren DeSole, Kay-Ann Porter, and Lisa Evans concerning plaintiff's claims of harassment and discrimination against Hoffman, and responsive to Hoffman's discovery requests served on June 17, 2019, to

---

[1] The Court has granted an interim stay of discovery as to the claims by plaintiff against any defendant who has filed a motion to dismiss accompanied by a motion for a stay.

the extent no objections have been or will be served. To the extent such documents are located, they will be produced no later than October 31, 2019. In addition, UCS will produce plaintiff's personnel file, the portions of the Inspector General's investigative file not subject to any applicable privilege, and the New York State Court System's employee handbooks and employment policies, applicable to plaintiff during the time period she worked in Hoffman's chambers through December 31, 2017. UCS's production of plaintiff's personnel file, the non-privileged portions of the Inspector General's investigative file, and the applicable New York State Court System's employment policies will be produced as soon as available but no later than October 4, 2019. UCS's written response to Hoffman's document requests will be served on or before October 4, 2019. To the extent UCS withholds any documents from the Inspector General's investigative file on the basis of privilege, a privilege log will be produced.

3. As for electronic discovery,

   (a) UCS shall, without waiving any objections, search for, collect and produce all documents that plaintiff generated and stored in her Microsoft OneDrive "cloud" account during the time period from September 13, 2017 through December 31, 2017.

   (b) UCS shall conduct key-term searches in plaintiff's e-mail account using agreed-upon search terms, for an agreed-upon time frame. Hoffman shall supply an initial list of search terms and a date range for UCS's search. Once UCS determines the number of "hits" after applying those terms, the parties shall discuss, in good faith, the scope of production for plaintiff's e-mails. UCS shall conduct its initial "hits" search within 30 days after issuance of this Order and receipt of search terms, whichever is later. This initial search and production shall be made without prejudice to any party making a broader search request at a later date, if necessary.

   (c) The parties shall discuss possible further e-mail review and other electronic discovery after full submission of the State Defendants' and UCS' respective motions to dismiss and the State Defendants' motion to stay.

4. All requests for documents and interrogatories by Hoffman and plaintiff pursuant to Local Civil Rule 33.3(a) with respect to the claims of plaintiff against Hoffman shall be served by October 23, 2019. Responses shall be in accord with the time limits contained in the Federal Rules of Civil Procedure.

5. No depositions shall be taken, except by agreement of the parties, until after the disposition of the motion for a stay.

6. All applications to the Court must comply with this Court's Individual Practices, which are available through the Clerk's Office or at: www.nysd.uscourts.gov/judge/Gorenstein. Discovery applications — that is, any application or motion pursuant to Rules 26 through 37 or 45 — not only must

       comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such an application arises.

7.     This Order constitutes an interim order. The Court will provide further deadlines upon its final disposition of any motion for a stay.

       SO ORDERED.

Dated: September 23, 2019
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge