UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALEXIS MARQUEZ,

        Plaintiff,

        -v.-

DOUGLAS HOFFMAN, et al.,

        Defendants.
-------------------------------------------------------------x

ORDER

18 Civ. 7315 (ALC) (GWG)

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

    The Court has reviewed the parties' letters regarding to the proposed confidentiality order (Docket ## 172 and 183). As to the issue of process, the Court is hopeful that the parties will cooperate as required by the Court's Individual Practices in attempting to resolve all discovery disputes in the future promptly while at the same time hearing the opposing side's position in full.

    As to the terms of the proposed order, the Court has considered each side's arguments and its adjudication is reflected in the confidentiality order that is being issued today. While the Court will not address all matters raised by the parties, it notes that it has agreed to plaintiff's changes to paragraph 2.a(1) through (7) not because it is ruling at this stage that plaintiff is necessarily correct that the categories she sought to eliminate could not be protected under Rule 26(c) but rather because the Court believes that it is best for the parties to see the particular items designated before making categorical judgments about what is appropriately designated as confidential material. As a result, the Court has left in the categories that both sides agree on. As to the categories for which there is disagreement, the Court has included paragraph 2.(a)(9), albeit with different wording from that proposed, to allow for the designation of information that may appropriately be subject to a protective order even though it does not come within a category specifically listed in paragraph 2.a(1) through (7). If it becomes necessary to seek adjudication of particular designations in the future, the parties may do so in accordance with the procedures provided in the confidentiality order.

    The Court has attempted to clarify what appears to be a non-dispute as to dismissed parties. Obviously, such parties are bound by the terms of the Confidentiality Order. Thus, they may also invoke paragraph 3(e) to the extent it governs. The Court believes its language reflects this ruling.

    Finally, as to providing a copy of all Non-Disclosure Agreements at the conclusion of the case, the Court recognizes that such a provision has been contained in some protective orders. In

the Court's experience, however, it is more common and more beneficial to the investigative process not to include it.

SO ORDERED.

Dated: November 14, 2019
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge