UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                             :

ALEXIS MARQUEZ,                          :         Case No. 18-cv-07315 (ALC) (GWG)

*Plaintiff,*      :         **CONFIDENTIALITY ORDER**

v.      :

DOUGLAS HOFFMAN, ET AL.,      :

*Defendants.*      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IT IS HEREBY ORDERED:

1. <u>Definitions.</u>

    a.    The term "Discovery Material" shall mean all documents, electronically stored information, and tangible things (each having the broadest meaning accorded that term under Fed. R. Civ. P. 26 and 34) produced in discovery in this Litigation, whether originals or copies, whether produced pursuant to court order, Fed. R. Civ. P. 34, subpoena, or by agreement, including interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and court papers to the extent that such court papers quote, reproduce, or summarize the content of any Discovery Material.

    b.    The term "CONFIDENTIAL MATERIAL" shall mean any Discovery Material designated "CONFIDENTIAL" pursuant to Paragraph 2, below.

    c.    The term "producing party" or "producing person" shall mean, with respect to particular Discovery Material, the person or entity disclosing the Discovery Material through discovery. "Producing person" includes the parties to the Litigation and their respective counsel and any other non-parties to the Litigation who are responding to discovery by subpoena or otherwise.

d. The term "designating party" or "designating person" shall mean, with respect to particular Discovery Material, the party designating the Discovery Material as CONFIDENTIAL MATERIAL pursuant to Paragraph 2, below. The designating party need not be the producing party. A "designating person" may be a party to the Litigation and such party's counsel or any non-party to the Litigation who is responding to discovery by subpoena or otherwise.

e. The term "Litigation" shall mean the above-captioned case.

f. The terms "party" or "parties" mean any person or entity who is party to the Litigation. Any party who is dismissed from this litigation shall not be deemed a "party" within the meaning of this Confidentiality Order as of the time of dismissal. If a disclosure is made by a non-party who was previously dismissed as a party from this action, that production shall be governed by paragraph 10 below. Such dismissed non-party shall remain bound by the terms of this Confidentiality Order.

g. The term "Court" refers to the United States District Court for the Southern District of New York as assigned in the captioned case.

2. Designation of CONFIDENTIAL MATERIAL.

a. Discovery Material may be designated CONFIDENTIAL by any party or the producing party if that party determines reasonably and in good faith that the Discovery Material contains (1) sensitive employee personnel information, including but not limited to employee personnel files, evaluations, or activity reports; (2) non-public financial information; (3) non-public, sensitive information of a private or personal nature; (4) social security numbers, personal e-mail addresses, personal phone numbers, home addresses; (5) medical records or health-related information; (6) non-public information concerning the adjudication of cases filed in New York State courts; (7) non-public administrative records of any New York State agency, including UCS,

as construed under the New York Freedom of Information Law (N.Y. Pub. Off. §§ 84-90); (8) any other category of information given confidential status by the Court after the date of this Order or (9) other information that may properly be afforded confidential status under Rule 26(c) of the Federal Rules of Civil Procedure.

  b. With respect to the CONFIDENTIAL portion of any Discovery Material (other than deposition transcripts, which are addressed below), a producing party who is also the designating party shall designate CONFIDENTIAL MATERIAL by stamping or otherwise clearly marking each page as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. Where such marking is impossible or impractical (such as with productions of groups of documents in native form), the designating party shall state the designation of any CONFIDENTIAL MATERIAL in writing contemporaneously in a manner that is sufficiently clear to identify the CONFIDENTIAL MATERIAL.

  c. A party who is a recipient of Discovery Material may designate it as CONFIDENTIAL by notifying the producing party or person and all other parties in writing of the need to so designate it. In that event, the designating party shall mark the Discovery Material CONFIDENTIAL and distribute the marked Discovery Material to each party.

  d. Each party shall refrain from mass or indiscriminate designations of CONFIDENTIAL MATERIAL and shall, where practicable, designate as confidential only those portions of Discovery Material that contain CONFIDENTIAL MATERIAL.

  e. If a producing or receiving party or person inadvertently fails to designate Discovery Material as CONFIDENTIAL, it may make the designation belatedly, so long as it does so promptly after learning of the oversight.

f.  The inadvertent production of privileged and/or work-product-protected Discovery Material ("Inadvertently Disclosed Information") is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or any other proceeding.  If Inadvertently Disclosed Information is inadvertently produced, the producing party may notify the receiving party and, upon receiving such notice, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and certify in writing to the producing party that all such information has been returned or destroyed.  In the event a receiving party identifies potentially inadvertently produced privileged material, the receiving party will alert the producing party within five business days of its identification, whereupon the producing party must demand the claw back of any Inadvertently Disclosed Information identified by the receiving party within three business days.  Counsel for the receiving parties shall take reasonably necessary steps to assure the confidentiality of the CONFIDENTIAL MATERIAL, including reasonable efforts to secure the return or destruction of the CONFIDENTIAL MATERIAL by individuals to whom disclosure was made but who would not have been permitted by this Confidentiality Order had the Discovery Material been originally designated as CONFIDENTIAL MATERIAL.  In all events, if the producing party seeks to claw back any Inadvertently Disclosed Information, the producing party shall also produce a privilege log with respect to the Inadvertently Disclosed Information according to the requirements of any applicable case management order.

g.  Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Confidentiality Order.

3.  <u>Restrictions on CONFIDENTIAL MATERIAL.</u>  Confidential material produced or revealed in the Litigation shall be subject to the following restrictions:

a. CONFIDENTIAL MATERIAL shall be used only for the purpose of prosecuting or defending the Litigation, or as otherwise required by law or by order of a court of competent jurisdiction, and not for any business or other purpose whatsoever.

b. Except as otherwise provided, CONFIDENTIAL MATERIAL shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

i. counsel for the parties in the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of the Litigation;

ii. this Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers;

iii. the parties to this action, as far as they have a reasonable need for the information in connection with the prosecution or defense of the Litigation;

iv. the authors, addressees, recipients, or originators of the CONFIDENTIAL MATERIAL who no longer have possession, custody or control of the material;

v. employees (former and present) of any named party who the party in good faith believes must be shown CONFIDENTIAL MATERIAL in order for the party to properly investigate its claims or defenses;

vi. experts retained as either consultants or potential witnesses and any other litigation consultants retained;

vii. witnesses in the course of deposition or trial testimony who are examined in good faith by counsel with respect to CONFIDENTIAL MATERIAL for legitimate discovery or trial purposes, and any witness who counsel believes in good faith may be called to testify at trial or

deposition in this action and whose examination with respect to CONFIDENTIAL MATERIAL may be necessary in connection with that testimony.  The provisions of this Confidentiality Order apply to any person(s) attending a deposition in which CONFIDENTIAL MATERIAL is disclosed to the same extent as if such person were being shown written CONFIDENTIAL MATERIAL;

   viii.  any third-party mediator selected by the parties or assigned by the Court, including the administrative staff for the mediator; and

   ix. any other person upon the written agreement of the parties or pursuant to court order.

  c. Before disclosing CONFIDENTIAL MATERIAL to any person described in subparagraphs 3(b)(iv), (v), (vi), (vii) and (ix), such person shall execute a copy of the Non-Disclosure Agreement annexed to this Confidentiality Order.  Counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel before such person is permitted to testify (at deposition or trial).

  d. An attorney for a party in this Litigation may not disclose CONFIDENTIAL MATERIAL to any person or entity other than as provided in this Confidentiality Order without the prior written consent of the designating party.  If the designating party or producing party does not agree, the attorney seeking to show the CONFIDENTIAL MATERIAL may apply to the Court for relief from this Confidentiality Order.

  e. Nothing in this Confidentiality Order shall be construed to limit in any way the right of any producing person to use its own Discovery Material, including CONFIDENTIAL MATERIAL, for any purpose and to waive its own designations of CONFIDENTIAL MATERIAL.

f. Nothing in this Confidentiality Order shall be construed to release any producing person from any existing obligation(s) to maintain the confidentiality of CONFIDENTIAL MATERIAL.

4. <u>Confidentiality of Depositions.</u> A party or non-party may designate specific information disclosed during a deposition as CONFIDENTIAL MATERIAL by so indicating on the record at the deposition. Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages or lines of a transcript made by a party or the non-party deponent be treated as CONFIDENTIAL MATERIAL. Counsel for the designating party shall provide all parties with replacement copies of the designated transcript(s) in which the CONFIDENTIAL MATERIAL is so marked. During the 10 business day period following receipt of a deposition transcript, all parties will treat the entire deposition transcript as if it had been designated as CONFIDENTIAL MATERIAL.

5. <u>Subpoenas.</u> If a party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of CONFIDENTIAL MATERIAL that a party has obtained in discovery in the Litigation, the party that has received the subpoena or order shall notify the person who designated the Discovery Material as CONFIDENTIAL MATERIAL of the pendency of such subpoena or order in writing as soon as reasonably possible, but in no event later than seven (7) business days after receiving the subpoena or order, and in any event before the date of production set forth in the subpoena or order. The designating person may then notify the person receiving the subpoena in writing of the designating person's intent to intervene to resist the subpoena. Should the designating person give notice of such an intent, the person receiving the subpoena shall take reasonable and necessary steps to withhold production while the intervening person's motion is pending, if permitted by law.

Provided, however, that nothing in this Confidentiality Order shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

6. <u>Filing.</u>  Confidential portions of filings with the Court, including information subject to confidential treatment in accordance with the terms of this Confidentiality Order that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any CONFIDENTIAL MATERIAL, shall be filed under seal and kept under seal until further order of the Court.  The filing party shall make an application to seal or redact the materials containing CONFIDENTIAL MATERIAL in accordance with the Court's Individual Practices.  A copy of a party's application to seal or redact shall be contemporaneously served on all other parties.

7. <u>Use.</u>  This Confidentiality Order binds the parties and persons obtaining access to CONFIDENTIAL MATERIALS to treat as confidential any Discovery Materials so designated. Persons obtaining access to CONFIDENTIAL MATERIAL designated under this Confidentiality Order shall use the material only for preparation and trial of the Litigation (including appeals and retrials) and shall not use the material for any other purpose.

8. <u>Disclaimers.</u>

    a. No party, through its negotiation of the agreed upon portions of the "Stipulation and [Proposed] Order Regarding Confidential Material" presented previously to the Court has conceded that any information designated by any other party or non-party as CONFIDENTIAL MATERIAL does in fact contain or reflect confidential information as defined herein.

b. This Confidentiality Order shall not restrict in any manner the right of any party or non-party to contest the alleged relevance, admissibility, or discoverability of CONFIDENTIAL MATERIAL sought, or from objecting to discovery in accordance with the federal rules.

c. This Confidentiality Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any CONFIDENTIAL MATERIAL. Nothing in this Confidentiality Order shall be construed to affect the evidentiary admissibility or inadmissibility of any CONFIDENTIAL MATERIAL.

d. The parties expressly acknowledge that the Court has not made any finding regarding the confidentiality of purportedly CONFIDENTIAL MATERIAL as designated by the parties and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as CONFIDENTIAL MATERIAL hereunder.

e. Nothing herein shall prejudice the right of any party or non-party to apply to the Court for a further protective order relating to any documents or information.

9. <u>Non-Termination.</u> This Confidentiality Order shall remain effective after the conclusion of the Litigation. Within sixty (60) days after final conclusion of all aspects of the Litigation (including any appeals and retrials), all recipients of CONFIDENTIAL MATERIAL must either return such material to the producing party, or, upon the option of the producing party, destroy such material, including all copies thereof. Counsel of record for each party may maintain in its files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders, briefs, legal memoranda, and correspondence with the Court, and its customary attorney work product, correspondence, and other case files. All counsel of record shall certify their own compliance with this paragraph, and shall obtain certifications from their clients and expert consultants retained by them, and, not more than sixty-five (65) days after final termination of the

Litigation, shall deliver to counsel for the producing party the certifications. Nothing in this Confidentiality Order shall be construed to require a person or party to destroy material marked as confidential by itself or another party that was previously in that person or party's possession, custody, or control or otherwise kept in the normal course of business. This provision does not bind the Court.

10. <u>Non-Party Designation.</u> Non-parties from whom discovery is sought by the parties to this Order may designate materials as CONFIDENTIAL, consistent with the terms of this Confidentiality Order, provided that such non-parties agree in writing to be bound by the terms of herein prior to the production of any such materials by executing a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. Under such circumstances, all duties applicable to the parties shall apply to such non-parties.

11. <u>Disputes.</u> Each party in this litigation reserves the right to challenge a designation of confidentiality in whole or in part. A party shall not be obliged to challenge the propriety of the designation of information as CONFIDENTIAL MATERIAL at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of the Litigation. A party that objects to another person's designation of Discovery Material as CONFIDENTIAL MATERIAL shall give the designating person of such CONFIDENTIAL MATERIAL and all parties to this Litigation written notice of such objection and an explanation of the basis for the objection. The parties shall first try to resolve the dispute in good faith on an informal basis and shall confer within ten (10) business days of such objection to attempt to resolve the dispute. If the dispute cannot be resolved on an informal basis, the designating party/person shall have fifteen (15) business days following the parties' failure to agree to apply to the Court move for an order designating the Discovery Material "CONFIDENTIAL" in accordance with the

Court's Individual Practices. The burden remains on the designating party to demonstrate the propriety of the designation. Until the Court rules on the dispute, all parties shall continue to treat the material in question as CONFIDENTIAL MATERIAL.

12. <u>Modification Permitted.</u> Nothing in this Confidentiality Order shall prevent any party from seeking from the Court modification of this Confidentiality Order. Nothing in this Confidentiality Order shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Confidentiality Order.

**So Ordered**, this 14th day of November, 2019:

Hon. Gabriel W. Gorenstein.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                              :

ALEXIS MARQUEZ,                 :       Case No. 18-cv-07315 (ALC) (GWG)

      *Plaintiff,*                 :

   v.                              :       **NON-DISCLOSURE AGREEMENT**

DOUGLAS HOFFMAN, ET AL.,   :

      *Defendants.*           :

------------------------------------ X

      I hereby attest that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Confidentiality Order in the captioned proceeding. To the extent that I receive Confidential Material within the meaning of the Confidentiality Order, I will act in accordance with my obligations as described in the Confidentiality Order. I further agree that I will maintain the Confidential Material in confidence and will use such material only in accordance with the terms of the Confidentiality Order. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Confidentiality Order and this Non-Disclosure Agreement.

Dated: _____

                                                    _____
                                                            Signature

                                                    _____
                                                          Printed Name