USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEXIS MARQUEZ,

    Plaintiff,      ORDER

  -v.-
             18 Civ. 7315 (ALC) (GWG)

DOUGLAS HOFFMAN, et al.,

    Defendants.
------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

  The Court has considered the applications in Docket ## 199 and 201 and rules as follows:

  Plaintiff's request to stay discovery was previously denied. Construing Docket # 201 as a motion for reconsideration, it is denied. The fact that plaintiff is now proceeding pro se does not provide a basis for staying discovery of a claim that is certain to go forward and that has been pending for more than a year.

  With respect to the request to dismiss the claims against Douglas Hoffman without prejudice, this application may be made by formal motion to Judge Carter. There will be no stay of discovery, however, pending such an application. Certainly, plaintiff should ask Hoffman's counsel if they are willing to agree to plaintiff's request before plaintiff files such a motion.

  The request to be relieved from the Court's meet and confer requirements is denied. The Court has reviewed Docket # 201 and the email correspondence between the parties. The information given to plaintiff in the initial email (with its attachment) was more than sufficient to justify a discussion among the parties. There is no warrant to requiring any exposition beforehand of the topic of a meet-and-confer. The extraordinary efforts made by plaintiff to resist conferring with defendants' counsel (as reflected in the emails and Docket # 201) have vastly increased the burden both on her and on defendants' counsel. It will be much easier if plaintiff simply does what all other litigants (including pro se litigants) in the Court's experience have done and are required to do: that is, to speak with opposing counsel when requested to do so. Thus, the Court orders that, in the future, plaintiff must comply with the Court's requirement (paragraph 2.A) that she "respond within one business day to any request from another party to confer unless an emergency prevents such a response" (emphasis added).

  The telephone conference requested by Hoffman's counsel shall take place on December 23, 2019, at 3:00 p.m., unless the parties agree otherwise.

  Counsel for Hoffman shall provide a copy of this Order to plaintiff by email forthwith.

SO ORDERED.

Dated: December 20, 2019
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:

Alexis Marquez
P.O. Box 240071
New York, New York 10025