UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ALEXIS MARQUEZ,

        Plaintiff,

    -v.-

DOUGLAS HOFFMAN, et al.,

        Defendants.
------------------------------------------------------------x

ORDER

18 Civ. 7315 (ALC) (GWG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/20

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

    Before the Court is defendant Douglas Hoffman's letter dated January 3, 2020 (Docket # 208), and plaintiff's response (Docket # 219). In brief, Hoffman claims that (1) plaintiff's initial disclosures under Fed. R. Civ. P. 26(a)(1) and pursuant to the Court's Scheduling Order (Docket # 153) need to be supplemented; (2) plaintiff has failed to timely respond to Hoffman's discovery requests; and (3) plaintiff has not herself served any discovery requests. As to the latter claim, Hoffman notes that the deadline for doing so expired October 23, 2019, and requests that plaintiff be precluded from serving any such requests in the future.

    Plaintiff's response does not deny that she has failed to comply with the applicable deadlines. Plaintiff's first argument is that the relief requested by Hoffman cannot be granted "on a letter or sua sponte by the Court" because Hoffman did not comply with Federal Rule of Civil Procedure 37, Local Rule 7.1, or the Court's Individual Practices. See Docket # 219. This argument is rejected. Rule 37 does not set forth procedures for requesting an order from a court regarding discovery. All it requires is that the motion "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Hoffman's letter fulfills this requirement. As for the failure to comply with the Court's Individual Practices, plaintiff does not explain the manner in which Hoffman failed to comply and the Court discerns no lack of compliance. As for Local Rule 7.1, "a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules." Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir. 2005) (per curiam) (citation omitted). As is true of virtually every other judge on this Court, the undersigned has an individual practice — paragraph 2.A — that specifically directs parties to submit discovery disputes by letter, not though a notice of motion. The applicability of that paragraph has been repeatedly reiterated by the Court. See, e.g., Docket ## 180, 188, 191, 202. Indeed, when plaintiff first began to represent herself, the Court informed the parties of the need to comply with that paragraph even in a pro se case (Docket # 198). Accordingly, this challenge to Hoffman's application is frivolous and is denied.

Plaintiff also suggests that there should be a "stay" of discovery in light of her pending motion to dismiss her claims against Hoffman without prejudice (Docket # 203). But plaintiff has never moved for a stay pending the disposition of this motion let alone been granted one. In any event, her application for a stay would have no effect on any existing deadlines. Indeed, the Court specifically informed plaintiff that there is no stay pending disposition of her motion almost a month ago (Docket # 202). To the extent that she intended Docket # 219 to constitute an application for a stay, it is denied as unsupported. See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (setting forth standards governing a request for a stay pending a dispositive motion).

As to the merits of Hoffman's application, plaintiff provides no specifics and does nothing more than attack Hoffman's statements as misrepresenting her positions and as being "grossly inaccurate." Docket # 219. Plaintiff never addresses which specific statements are inaccurate and instead directs the Court to an email chain that was attached as an exhibit to an earlier filing (Docket # 201, Exhibit 1). Plaintiff, however, has an obligation to explain her arguments in her responsive letter to the Court; she may not require the Court to sift through correspondence or emails between the parties. In any event, the Court's examination of this exhibit reveals that it is largely about plaintiff's refusal to engage in a telephone conference with Hoffman's counsel. We have found some portions addressing plaintiff's claim that she does not have the time to participate in discovery. Having considered these portions, we find that they do not justify her failure to participate in the discovery process. Drafting initial disclosures, interrogatories, and document requests does not take a large amount of time. Pro se parties previously before the Court have successfully done it in literally scores of cases without seeking an extension. Moreover, it is clear that when plaintiff wishes to pursue a particular avenue of relief, she can do so with great celerity, as evidenced by the fact that she filed a motion to dismiss Hoffman's claims within three days of being informed by the Court that she should file any such motion before Judge Carter. Docket ## 202, 203.

In the end, the Court does not have any information about what the specific burden is to draft discovery requests and disclosures. Nor does it have any information of what the burden would be to respond to Hoffman's requests. Nothing the Court has read in plaintiff's letter or in Docket # 201 provides support for plaintiff's claim that she in fact wishes to "move this case forward." Docket # 219.

In these circumstances, the Court might find an order of sanctions to be appropriate. However, in light of plaintiff's her pro se status, it is prepared instead to grant an extension, even though plaintiff herself has not asked for one. Accordingly, the Court orders as follows:

(1) plaintiff's deadline to serve supplemental disclosures that cure the deficiencies in her earlier initial disclosures is extended January 24, 2020;

(2) plaintiff's deadline to serve initial interrogatories and document requests is extended to January 31, 2020; and

2

(3) plaintiff shall respond to defendant Hoffman's requests for documents and interrogatories by February 12, 2020.

Plaintiff is warned that if she fails to comply with these deadlines, she may be sanctioned. Such sanctions may include preclusion from serving defendant Hoffman with further discovery requests, monetary sanctions and/or dismissal of her case.

The Court will reserve decision on Hoffman's application for attorneys' fees. It may be renewed in the event that plaintiff fails to comply with this Order or any other discovery obligation in the future.

Counsel for Hoffman shall provide a copy of this Order to plaintiff by email forthwith.

SO ORDERED.

Dated: January 17, 2020
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:

Alexis Marquez
P.O. Box 250071
New York, New York 10025