USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ALEXIS MARQUEZ,

      Plaintiff,

  -against-

DOUGLAS HOFFMAN ET AL.,

      Defendants.
------------------------------------------------------------------- x

18-CV-7315 (ALC)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

 Before this Court is Plaintiff's *pro se* motion to dismiss her claims against Defendant Hoffman without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant Hoffman opposes and argues that the dismissal should be *with* prejudice. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

 The Court assumes that the parties are familiar with the facts of this case. The relevant facts are set forth below.

 Plaintiff filed her Complaint on August 13, 2018, ECF No. 1, and an Amended Complaint on November 9, 2018, ECF No. 51. Defendant Hoffman answered the Amended Complaint on February 19, 2010. ECF No. 62. On May 16, 2019, Judge Gorenstein stayed discovery pending the State Defendants' Motion to Stay Discovery but provided Defendant Hoffman a limited exception to serve discovery on Defendant The New York State Unified Court System ("UCS"). ECF No. 94. On August 7, 2019, the State Defendants and UCS each filed a Motion to Dismiss Plaintiff's complaint, and State Defendants filed a Motion to Stay Discovery. ECF Nos. 118, 121, 124. On August 12, 2019, Judge Gorenstein noted his intention to proceed with discovery as it

pertained to Defendant Hoffman, who did not file a motion to dismiss. ECF No. 136, Tr. 4: 18–24. Specifically, Judge Gorenstein ordered Plaintiff, Defendant Hoffman, and UCS to proceed with discovery limited to the allegations against Defendant Hoffman by participating in a Rule 26(f) conference within one week and submitting schedules of discovery. *Id.* at Tr. 41: 17–23. On September 23, 2019, Judge Gorenstein issued a scheduling order pursuant to Rule 16(b). ECF No. 153. Finally, on November 26, 2019, Judge Gorenstein granted Plaintiff's attorney's motion to withdraw. ECF No. 198. Plaintiff has proceeded *pro se* in this case since then.

On December 23, 2019, Plaintiff filed a motion to dismiss her claims against Defendant Hoffman without prejudice pursuant to Rule 41(a)(2). ECF No. 203. Plaintiff's primary reason for dismissing her claims was that "she [does] not have the resources to litigate this case on two tracks where discovery is proceeding on her claims against Hoffman and she is simultaneously responding to dispositive motions by the remaining 18 defendants." Memorandum in Support of Plaintiff's Motion to Dismiss, ECF No. 204 ("Pl. Memo") at 4. On January 7, 2020, Defendant Hoffman filed his opposition, arguing that either Plaintiff should dismiss her claims *with* prejudice or she should proceed with the merits of the case. ECF No. 212. Plaintiff filed a reply on January 16, 2020. ECF No. 221.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure Rule 41(a)(2) provides that, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph [] is without prejudice." Fed. R. Civ. P. 41(a)(2). The decision whether to grant a Rule 41(a)(2) motion lies within the sound discretion of the court. *See Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001).

The Second Circuit recognizes "[t]wo lines of authority . . . with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). First, "a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (citation and quotation marks omitted). Second, dismissal "involves consideration of various factors, known as the *Zagano* factors." *Id.* These factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011); *see also Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan*, 634 F.3d at 230. Furthermore, courts generally "presume that a party's motion to dismiss its own claims without prejudice should be granted." *Parker v. Tougher Industries, Inc.*, No. 6-CV-400, 2013 WL 316389, at *1 (N.D.N.Y. Jan. 28, 2013).

## DISCUSSION

### I. Diligence Factor

The first *Zagano* factor weighs in favor of Plaintiff. While this action has been pending for over one year, the relevant inquiry is "whether a plaintiff moved to dismiss within a reasonable period of time after the occurrence of the event that led to plaintiff's decision not to pursue the action." *See Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-CV-2237, 2013 WL 2391713, at *2 (S.D.N.Y. June 3, 2013) (citation omitted). Plaintiff is dismissing her claims against Defendant Hoffman because of resource constraints and

her inability to litigate a case of this complexity and scope as a *pro se* litigant.[1] Specifically, Plaintiff alleges that "she [does] not have the resources to litigate this case on two tracks where discovery is proceeding on her claims against Hoffman and she is simultaneously responding to dispositive motions by the remaining 18 defendants." Pl. Memo at 4. Plaintiff was represented by an attorney until November 26, 2019, and she filed the instant motion on December 26, 2019. Thus, within one month of the "occurrence of the event that led plaintiff's decision not to pursue the action," Plaintiff filed her motion to dismiss her claims against Defendant Hoffman. *In re Bank of Am. Mortg. Servicing S'holder Derivative Litig.*, 2012 WL 1506271 at *2. Defendant Hoffman argues that the instant motion was filed more than one year after the initiation of the case, over seven months after the parties were made aware of the staggered discovery schedule, and three months since the current discovery schedule was put in place. *See* Defendant Douglas Hoffman's Memorandum of Law in Opposition (ECF No. 212) ("Def. Memo") at 8–10. While this is true, Plaintiff was diligent in filing her motion to dismiss within weeks of becoming *pro se*, which is the relevant time period for purposes of Rule 41(a)(2). *See* Pl. Memo at 4 ("Within a week of appearing *pro se* in this action, Plaintiff determined that she did not have the resources to litigate

---

[1] Defendant Hoffman argues that Plaintiff is not entitled to the leniency the Court generally affords *pro se* defendants since Plaintiff is herself an attorney. *See Fenner v. City of New York*, 392 F.App'x 892, 894 n.1 (2d Cir. 2010) ("He is an attorney proceeding pro se and is thus not accorded the same degree of leniency [as other pro se litigants]"). The Court is not awarding Plaintiff any leniency for being *pro se*. Instead, the Court is crediting Plaintiff's allegation that becoming *pro se* was the cause of her motion to dismiss. This is supported by the fact that Plaintiff and her previous counsel first noted their concern with the staggered discovery schedule on May 16, 2019, but Plaintiff continued to litigate this case and did not seek to dismiss her claims until one week after she became *pro se*. *See* ECF No. 89, Tr. 29: 19–21 ("So we're concerned with what seems to be the beginning of a staggered discovery schedule with respect to various parties in what is quite a complex case.").

this case on two tracks where discovery is proceeding on her claims against Hoffman and she is simultaneously responding to dispositive motions by the remaining 18 defendants.").[2]

II. **Undue Vexatiousness**

The second *Zagano* factor also weighs in favor of Plaintiff. A plaintiff is vexatious if they bring a case "to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive." *Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 16-CV-5393, 2018 WL 1115517, at *4 (S.D.N.Y. Feb. 26, 2018). "Courts find ill-motive where, for example the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed . . .; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal." *Paulino v. Taylor*, 320 F.R.D. 107, 110 (S.D.N.Y. 2017) (citation omitted). None of these situations is present here, nor has Defendant demonstrated that Plaintiff brought the case to harass Defendant Hoffman. Defendant Hoffman claims that "[i]t is without question that Plaintiff has used this lawsuit as an opportunity to attract media attention and to damage Judge Hoffman's reputation." Def. Memo at 11. Indeed, this lawsuit has generated media attention, some of which was attracted and embraced by Plaintiff. *See id.* at 11 n.8. This is not enough, however, to establish that Plaintiff brought the case for the

---

[2] The Court pauses to note that Plaintiff also alleges that "[t]he only reasons I am dismissing meritorious harassment claims against a judge is that the Court will not grant me a reasonable schedule that allows me to also litigate my claims against the judge's supervisors."). *See* Pl. Memo at 5. The Court has repeatedly granted Plaintiff scheduling accommodations to account for the complexity and scope of the case, and to account for Plaintiff's resource constraints. Plaintiff's deadline to oppose Defendant UCS and the State Defendants' motions to dismiss was originally scheduled for September 20, 2019. The Court extended this deadline to October 2, 2019 (ECF No. 141); then to October 31, 2019 (ECF No. 159); then to December 30, 2019 (ECF No. 167); and finally, to January 30, 2020 (ECF No. 207).

purpose of harassing Defendant Hoffman. Plaintiff's claims raise troubling allegations of sexual harassment and discrimination, Defendant provides no support to indicate that the claims are "frivolous" or that Plaintiff is acting with ill-motive, and there are legitimate, non-frivolous grounds for Plaintiff to initiate a lawsuit such as this one.

III. **Extent to Which the Suit Has Progressed**

The third *Zagano* factor heavily weighs in favor of Plaintiff. "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939, 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (quotation marks omitted). "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cty. & Mun. Employees*, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). Judge Gorenstein issued a discovery schedule on September 23, 2019, but the parties have not yet conducted extensive discovery. To date, neither Plaintiff nor Defendant Hoffman has conducted depositions or produced documents other than initial disclosures. Additionally, neither party has moved for summary judgment or begun trial preparations. Defendant Hoffman argues that since the commencement of this suit, he has "answered the 785-paragraph complaint, prepared initial disclosures, prepared discovery requests and initial e-discovery search terms, extensively negotiated a confidentiality stipulation, appeared for four court conferences, participated in six meet and confer discussions and submitted five applications to the Court." Def. Memo at 12–13. Although the parties have spent time litigating this case, discovery is just getting started and the suit has not progressed enough to prejudice Defendant Hoffman. *See Paulino v. Taylor*, 320 F.R.D. 107, 111 (S.D.N.Y. 2017) (finding that the suit had not progressed to a prejudicial point where

"[t]here has been no trial preparation, no filing of counterclaims, no summary judgment briefing, and no other dispositive motion practice. Neither party has served any interrogatories or document requests.").

IV. **Other Factors**

The remaining *Zagano* factors also counsel in favor of granting Plaintiff's motion. Plaintiff's claims against Defendant Hoffman are the foundation for her claims against the other defendants but are also distinct from those claims. The claims against the non-Hoffman defendants are in part based on distinct operative facts and causes of action—including allegations of improper supervision and policy, retaliatory termination, and disputes over personal involvement and Plaintiff's proper employer—and the overlap in evidence and witnesses is not enough to create sufficient legal prejudice to Defendant Hoffman.[3] *See Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-CV-5393, 2018 WL 1115517, at *3 (S.D.N.Y. Feb. 26, 2018) ("[T]he prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw.") (citation omitted). Moreover, the prejudicial effect of having to re-litigate these issues is speculative, as discovery is proceeding against Defendant Hoffman while the remaining defendants are still briefing their motions to dismiss. And as it stands, Defendant Hoffman is engaging in litigation

---

[3] For example, Counts 4, 6–11, 14, 16, and 22–23 were only alleged against Defendants USC and the State Defendants; and Counts 18–21 were only alleged against Defendant Hoffman. Only Counts 1–3, 5, 12–13, 15, and 17 were alleged against Defendant Hoffman, Defendants USC, and the State Defendants. Additionally, Plaintiff has previously raised the prospect of dismissing her claims against Defendant Hoffman to emphasize the distinct nature and paramount importance of her claims against the other Defendants in this case. *See* ECF No. 136, Tr. 15: 18–23 ("I would be willing . . . just to communicate to you how serious we are about the case against the other individual defendants, we would be willing to drop our Title 7 claim if that is the only way that we could get simultaneous discovery of all of the individual defendants.").

without the benefit of simultaneous litigation by the other defendants, and this will continue until the motions to dismiss are fully briefed and decided by this Court.

Plaintiff's explanation for seeking dismissal without prejudice is also adequate. Plaintiff is proceeding *pro se* in this case and is tasked with simultaneously engaging in motion practice against the 18 individual defendants and the New York Unified Court System, as well as discovery against Defendant Hoffman. The Court is sympathetic to the difficulties of litigating a case of this scope and complexity, particularly as a *pro se* defendant.

## CONCLUSION

Any legal prejudice that would result from re-litigation in this case are not sufficient to overcome the presumption that a party's motion to dismiss its own claims without prejudice should be granted. Accordingly, and for the reasons set forth above, Plaintiff's motion to dismiss her claims against Defendant Hoffman is **GRANTED**.

**SO ORDERED.**

Dated:  February 13, 2020
New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge