USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/29/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ALEXIS MARQUEZ,**

        **Plaintiff,**

-against-

**DOUGLAS HOFFMAN, ET AL.,**

        **Defendants.**

**18-cv-7315 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

On May 3, 2021, Plaintiff filed a motion asking the court to vacate its judgment and grant leave to amend. For the reasons that follow, Plaintiff's motion is DENIED.

Plaintiff, formerly a law clerk with the New York Supreme Court, filed suit alleging various claims under 42 U.S.C. § 1983 ("§ 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Defendants moved to dismiss Plaintiff's claims. On April 2, 2021, this Court issued and Opinion & Order granting Defendants' motion in part and denying in part. Plaintiff later brought this motion seeking relief from this judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b). Plaintiff also requests leave to amend her complaint to address any deficiencies.

## LEGAL STANDARDS

Pursuant to Rule 59(e), a court may "alter or amend a judgment" when such a motion is "filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This District has repeatedly stated that the grant of a motion to alter judgment "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (citations

omitted). A motion to alter judgment "should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Accordingly, such a motion should be denied if the moving party seeks to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Under Federal Rule Civil of Procedure 60(b)(1), a party may seek relief from a district court's order of judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Niederland v. Chase*, 425 F. App'x 10, 11 (2d Cir. 2011). Where, as here, a party alleges the district court made a mistake, relief may be provided in instances of both legal errors and factual errors. *See Colucci v. Beth Israel Med. Ctr.*, 531 F. App'x 118, 120 (2d Cir. 2013) (citation omitted) ("Rule 60(b)(1) allows for relief from judgment in cases of mistake, including legal errors made by the District Court.").

The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court. *Salveson v. JP Morgan Chase & Co.*, 663 Fed. App'x.71, 75 (2d Cir. 2016) (internal quotations omitted). "[B]ut, in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 Fed. App'x. 192, 193 (2d Cir. 2010)) (quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014). It is not simply an opportunity for the moving party to

present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

## DISCUSSION

Plaintiff's chief argument is simply that she disagrees with the decision of this Court. She contends that the Court was mistaken in its ruling because, taking the facts in the light most favorable to her, the Court could not have found against her. Disappointment, however, is not sufficient grounds for the Court to overturn its previous decision. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-1318, 2019 WL 3738623, at *3 (S.D.N.Y. June 13, 2019) ("The fact that movants are unhappy with the Court's decision, while understandable, affords no basis for the relief they seek." (citations and quotation marks omitted)); *USA Certified Merchants, LLC v. Koebel*, 273 F. Supp. 2d 501, 504 (S.D.N.Y. 2003) ("[A] motion for reconsideration is not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion.").

Plaintiff seeks to bring new facts to bear or reiterate facts previously considered by the Court. Plaintiff was aware that Defendants sought to challenge the deficiencies in her complaint. Plaintiff contends that the Court's refusal to allow her to amend her complaint for the fourth time was clear error. In fact, she twice amended her complaint to correct the perceived deficiencies before Defendants filed their motion to dismiss. *See* Opinion & Order at 25. These amendments, however, were insufficient to support the plausibility of some of her allegations, leading to their dismissal. The Court declines to revise its decision in denying Plaintiff leave to amend for the fourth time.

Plaintiff further contends that her proposed amendments would cause the Court to reverse its decision on the dismissed claims. Plaintiff discusses seven claims, the dismissal of which she believes were erroneous. The Court will take each of Plaintiff's arguments turn.

1. *Title VII Claims*

Plaintiff seeks to amend her complaint to add the State of New York as a defendant for purposes of her Title VII claims. This Court dismissed Plaintiff's claims because she brought no evidence to bear to support the contention that the State of New York was her Title VII employer. Title VII recognizes an entity as an employer where the entity exercised "direct, obvious, and concrete" control over Plaintiff's day-to-day activities. *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006). Plaintiff has not sufficiently alleged that the State of New York controls here day to day work environment and responsibilities. The Court has already addressed these claims in its Opinion & Order and declines to revise its decision.

2. *Personal Involvement of Janet DiFiore and Kay-Ann Porter*

We ruled that she had not adequately pleaded that the Court of Appeals Judges were her supervisors for the purposes of Title VII. Plaintiff's submissions have not changed the Court's opinion. Plaintiff continues to assert that DiFiore's institutional role as Chief Judge necessarily evinces her personal involvement for the purposes of Section 1983. The Court has already opined on the plausibility of this argument. *See Opinion & Order* at 18-19. As such, the Court declines to grant Plaintiff leave to amend. Plaintiff failed and continues to fail to plausibly allege that DiFiore or Porter were personally involved in the allegations at issue.

3. *Personal Involvement of Kay-Ann Porter*

Plaintiff asserted in the TAC that Porter had direct involvement in her termination. We ruled that Plaintiff had not plausibly pleaded facts to support this allegation. Plaintiff's proposed

4

amendments purports to add factual background to these allegations.  Instead, Plaintiff makes conclusory allegations intended to support her legal arguments.  *See* ECF No. Ex. A. 33-53.  The proposed amendment does not aid plaintiff in in plausibly asserting that Porter was "her supervisor[] []or that [she was] involved in the decision to terminate or refusal to hire her." Decision at 43.  Plaintiff reasserts her belief that Porter's investigation was the "foreseeable cause of her termination" without alleging any personal involvement in the decision.  Plaintiff notes that Porter's report was transmitted to other decision makers.  The Court has already determined that Plaintiff's claims against those defendants may proceed.  *See* Opinion & Order at 43.  The Court declines to revisit its decision to dismiss Plaintiff's Section 1983 claims against Porter.

   4. *Adverse Employment Actions* (Counts 1-2, 5, 12-13)

Plaintiff seeks to amend her complaint to add wholly conclusory statements in support of her previously dismissed claims regarding individual involvement in subjecting her to various adverse employment actions.  Plaintiff seeks to amend her complaint to inform the Court of the court system's hiring practices and job positing policies to lend support to her argument that defendant's withheld knowledge of positions.  However, the TAC discusses Plaintiff's assertions of this process at length.  *See* TAC ¶¶ 541-66.  The Court has already credited these assertions in its refusal to dismiss certain adverse employment actions claims against Hons. Marks and Silver, Ms. DeSole, Mr. McConnell and Ms. Evans.  *See* Opinion & Order at 36-38.

Plaintiff also seeks to amend her complaint to supplement her factual allegations regarding her perceived demotion from a principal court attorney to a position at the Brooklyn Law Department.  In the Court's Opinion & Order, we noted that Plaintiff's Complaint offered no evidence that his position was less prestigious.  In seeking to amend her complaint, Plaintiff is

attempting to get a second bite of the apple. All versions of Plaintiff's complaints alleged that this transfer was a demotion. Plaintiff thrice amended her complaint when represented by her attorney.

5. *Hostile Work Environment and Due Process Claims*

Plaintiff further requests leave to amend her complaint to support her hostile work environment and due process claims. The Court has already considered and denied this request. Plaintiff has had ample opportunity to amend her complaint. Even if the Court were to consider these amendments, Plaintiff's claims would still be insufficient. Like the proposed amendments discussed above, Plaintiff's proposed amendments are conclusory and repetitive. She does not offer new allegations that would bolster the plausibility of these claims.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b) are DENIED.

**SO ORDERED.**

Dated:   December 29, 2021
         New York, New York

　　　　　　　　　　　　　　　　　　　　　ANDREW L. CARTER, JR.
　　　　　　　　　　　　　　　　　　　　　United States District Judge