

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8632

January 31, 2023

**By ECF**
Honorable Andrew Carter
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    <u>Marquez v. Silver, et al.</u>, 18-cv-7315 (ALC) (GWG)

Dear Judge Carter:

      The Office of Attorney General ("OAG") represents the Hon. George Silver, the Hon. Lawrence Marks, John McConnell, Lauren DeSole and Lisa Evans ("State Defendants") in the above-referenced action (the "Action"). The OAG writes in response to Plaintiff Alexis Marquez's letter of January 30, 2023, in which Ms. Marquez asserted that she is "close to completing [her] Rule 72(b) objections" to Magistrate Gorenstein's September 6, 2022 report and recommendation for dismissal of the Action (the "R&R," ECF No. 427), "intend[s] to file them as soon as possible, and expect[s] them to be filed this week." ECF No. 441. Ms. Marquez further stated her intention to file a motion for an extension of time for her objections pursuant to F.R.C.P. 6(b)(1)(B). *Id.* State Defendants oppose consideration of those objections and respectfully request the Court to deny her procedurally defective attempt to further extend her time to file objections for the reasons below.

      As previously set forth in correspondence with the Court, Ms. Marquez has had multiple lengthy extensions for her objections, it has been nearly five months since the issuance of the R&R, and the Court set a final deadline of January 25, 2023 at State Defendants' request and with Ms. Marquez's consent. ECF Nos. 438, 439, 440. State Defendants therefore respectfully request that the R&R be deemed unopposed because of Ms. Marquez's failure to file her objections as ordered by the Court.

      Moreover, Rule 6(b)(1)(B) only permits an extension of time to be granted "on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1)(B). The question of whether a party's failure to act is due to "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including prejudice to the other party,

the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Ms. Marquez, a self-represented attorney, has not demonstrated and cannot demonstrate excusable neglect here due to the enormous length of time that has passed, the expiration of a final deadline to which she consented, and the prejudice to State Defendants incurred by constant, indefinite delays. These same considerations were the reasons why the final January 25 deadline was requested and granted. *See* ECF No. 439. An extension of over four months—from September 6, 2022 to January 25, 2023—is generous even for a non-attorney *pro se* litigant*. See, e.g., DeMartino v. Kruger*, 2011 WL 1326665 at *4 (E.D.N.Y. Mar. 31, 2011) (*pro se* plaintiff failed to demonstrate excusable neglect for a Rule 6(b)(1)(B) extension where he had already received a 64-day extension to oppose a summary judgment motion); *see also In re. Am. Exp. Fin. Advisors. Secs. Litig.*, 672 F.3d 113, 130 (2d Cir. 2011) (district court did not abuse discretion in finding no excusable neglect where movant had clear notice of action to be taken and deadline); *Bradshaw v. Leidig v. Buzzfeed, Inc.*, 258 F.Supp.3d 397, 400 (S.D.N.Y. 2017) (attorney's preoccupation with other litigations was not excusable neglect). Accordingly, Ms. Marquez's anticipated Rule 6(b)(1)(B) motion is untimely and baseless and should be denied. Therefore, the R&R should be deemed unopposed and adopted by this Court in its entirety.

Thank you for your consideration in this matter.

Respectfully submitted,

/s/ Anjali Bhat

Assistant Attorney General