UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
**ALEXIS MARQUEZ,**

                      **Plaintiff,**

    -against-

**SILVER, ET AL.,**

                      **Defendants.**

------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/17/2023

18-CV-7315 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

    Before the Court is Plaintiff's Rule 72(a) objections (the "Objections") to Magistrate Judge Gabriel W. Gorenstein's April 4, 2022 Order (the "Order"). Upon careful review of the parties' submissions and Judge Gorenstein's Order, the Court declines to set aside the Order as it was neither clearly erroneous nor contrary to the law. Thus, Plaintiff's objections are **OVERRULED,** and the Magistrate Judge's Order is **AFFIRMED.**

## BACKGROUND

    Plaintiff Alexis Marquez, an attorney who is now representing herself, brought this action alleging violations of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. On April 1, 2019, this matter was referred to United States Magistrate Judge Gabriel Gorenstein for the resolution of general pretrial matters, including scheduling, discovery, non-dispositive pretrial motions, and settlement. ECF No. 69.

    In the parties' Joint Report from their conference pursuant to Fed. R. Civ. P. 26(f), the Defendants requested a fact discovery deadline of February 28, 2022, while Plaintiff requested a deadline of August 9, 2024. ECF No. 305. On August 9, 2021, Magistrate Gorenstein issued a

discovery scheduling order stating that fact discovery should be completed by March 31, 2022. ECF No. 307.

This Order stated that any requests for extensions should be made pursuant to Magistrate Gorenstein's Individual Practices (the "Individual Practices"). *Id.* Paragraph 2A of Magistrate Gorenstein's Individual Practices ("Paragraph 2A") requires that:

> No application relating to discovery . . . shall be heard unless the moving party has first conferred in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute . . . The moving party must thereafter promptly request a conference with the Court . . . To request a conference with the Court, the moving party shall submit a letter (normally not more than five pages) setting forth the basis of the dispute and the need for the anticipated motion . . . The party opposing the requested relief must submit a letter to the Court in response as soon as practicable and in any event within two business days . . . .
>
> In most instances, the letters will fully describe the parties' discovery dispute. Accordingly, if a party believes that the issue must be decided based on formal briefing, the party must so state in a separate letter application and shall give the reasons therefor. In the absence of such an application, the Court may decide the dispute based solely on the letters and without holding a conference.

*See* Paragraph 2A. On September 14, 2021, Plaintiff filed a letter to Judge Gorenstein requesting a briefing schedule so that she could file a "formal motion" that conveyed her grievances with the Court's handling of the procedural and scheduling aspects of the case. ECF No. 311. Judge Gorenstein denied this request, noting that setting a briefing schedule to address Rule 16 deadlines would be inconsistent with the Court's obligation to secure a "just, speedy, and inexpensive" adjudication of the matter pursuant to Fed. R. Civ. P. 1 and that Plaintiff remained free to seek extension of any discovery deadlines, so long as she followed the procedures set forth in the Court's Individual Practices and demonstrated "good cause" under Fed. R. Civ. P. 6(b). ECF No. 312.

Between December 2021 and February 2022, Plaintiff filed multiple letters stating her intent to file a formal motion to extend discovery. ECF Nos, 327, 333, 345. Judge Gorenstein

2

informed Plaintiff that she should not file a formal motion to extend discovery but should instead make any such application pursuant to Paragraph 2A. ECF No. 346.

On March 8, 2022, Judge Gorenstein scheduled a conference regarding a discovery dispute for March 14. ECF No. 365. On March 11, 2022, Plaintiff filed a letter stating that she would not attend the March 14 conference, explaining she needed time to prepare her formal motion to extend discovery and could not meet other deadlines until that motion was briefed. ECF No. 369. Judge Gorenstein confirmed that the conference would go forward as scheduled and again informed Plaintiff that compliance with Paragraph 2A was required prior to hearing any discovery dispute, including a dispute regarding an extension of time. ECF No. 370. On March 18, 2022, Judge Gorenstein directed the Defendants to file a motion for sanctions and stayed discovery pending this motion. *See* ECF No. 373; Amended Report and Recommendation, ECF No. 427 at 22.

On April 1, 2022, Plaintiff filed a motion seeking to extend the discovery deadline until March 31, 2023. ECF Nos. 380, 382. Plaintiff did not file a pre-motion conference letter as required by Paragraph 2A. On April 4, 2022, Judge Gorenstein denied the motion, by text order only, noting "this motion was filed in flagrant contravention of the Courts prior orders (see, e.g. Docket # 370) and in violation of the Courts Individual Practices." ECF No. 384.

On April 24, 2022, Plaintiff filed her Objections to the Order, challenging Judge Gorenstein's decision to deny her motion to extend the discovery deadline. *See* ECF Nos. 390-91. Plaintiff requests that this Court set aside the Order under Rule 72(a) as contrary to law, find Plaintiff's motion to extend the discovery deadline was properly submitted, and set a briefing schedule for the motion to extend the discovery deadline. ECF No. 391.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), a magistrate judge's ruling on a non-dispositive pretrial matter should not be disturbed unless such ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Pre-trail discovery matters are generally considered non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) ("A magistrate judge's ruling on a non-dispositive matter, including a discovery dispute, may be set aside only if the district court determines the ruling to be clearly erroneous or contrary to law.")

A magistrate judge's order is "clearly erroneous" only when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A magistrate judge's ruling is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).

Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. *Thai Lao Lignite*, 924 F. Supp. 2d at 511 (internal quotation marks omitted.) "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Thus a party seeking to overturn a magistrate judge's decision carries a heavy burden. *Thai Lao Lignite*, 924 F. Supp. 2d at 512. Because "[a] magistrate judge is best qualified to judge the entire atmosphere of the discovery process . . . his rulings on discovery matters are entitled to substantial deference." *U2*

4

*Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) (citation and quotation marks omitted).

As to a litigant's *pro se* status, it is "well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). The Court notes, however, that Plaintiff is not due any special solicitude as a *pro se* litigant given that she is admitted to practice as an attorney. *See generally Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("a lawyer representing [her]self ordinarily receives no such solicitude at all."); *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 82 n.4 (2d Cir. 2001) (holding that "*pro se* attorneys . . . typically cannot claim the special consideration which the courts customarily grant to *pro se* parties.")

## DISCUSSION

### I. The Order is not Clearly Erroneous or Contrary to Law

Judge Gorenstein's Order is not clearly erroneous or contrary to law. Plaintiff's Objections indicate that her failure to comply with Judge Gorenstein's Individual Practices as to her filed motion for discovery extension is because she believed Judge Gorenstein would decide the dispute on the letters, without a pre-motion conference and without allowing her formal motion practice. ECF No. 391 at 1-2; ECF No. 411 at 2-6. Plaintiff argues that the Order and Judge Gorenstein's application of his pre-motion conference procedures deny her "access to motion practice." ECF No. 391 at 1. Plaintiff specifically asserts that the Order is directly contrary to Second Circuit Precedent, Rule 6(b), and Rule 83(b). *Id*.

Courts may require pre-motion letters prior to filing a motion and they have the authority to deny motions for failure to comply with pre-motion letter requirements. Local Rule 37.2; *see,*

5

*e.g., Actava TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide",* No. 18-CV-6626 (ALC) (JW), 2022 WL 16857317, at *2 (S.D.N.Y. Oct. 31, 2022) (denying motion for sanctions given defendants' failure to file a pre-motion conference letter as required by the Judge's Individual Practices); *Langton v. Town of Chester Libr. Bd.*, No. 14-CV-9474 (NSR), 2020 WL 2850898, at *5 (S.D.N.Y. June 1, 2020) (affirming a magistrate judge's denial of a motion to file a second amended complaint that was "primarily premised" on the plaintiff's failure to comply with the judge's pre-motion letter requirements); *Ebert v. Holiday Inn*, No. 11 Civ. 4102 (ER), 2014 WL 349640 at *1 n. 1 (S.D.N.Y. Jan. 31, 2014) (declining to consider defendants' cross-motion for summary judgment for failure to file a pre-motion letter seeking leave to move); *see also Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules").

Additionally, courts may rule on the basis of pre-motion letters instead of holding pre-motion conferences or allowing litigants to proceed to formal motion practice. *Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F.App'x 69, 70 (2d Cir. 2019) (upholding grant of motion to dismiss on pre-motion letters); *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (summary order) (affirming denial of pre-motion letter construed as Rule 60 motion); *In re Best Payphones, Inc.*, 450 F. App'x 8, 14-15 (2d Cir. 2011); *Tescher v. Experian Info. Sols., Inc.*, No. 21-CV-02266 (PMH), 2022 WL 18107432, at *1 (S.D.N.Y. Dec. 15, 2022); *Doe v. King*, No. 20-cv-2331 (PMH), 2022 WL 445660 at *1 (S.D.N.Y. Feb. 14, 2022). The Second Circuit has acknowledged that panels of this Circuit have "condoned district courts' denials of non-dispositive motions based on pre-motion letters when those letters were sufficiently lengthy to address all relevant arguments and when there was a clear lack of merit to the arguments supporting the motion." *Int'l Code Council, Inc. v. UpCodes Inc.,* 43 F.4th 46, 54 (2d Cir. 2022). While a court

may not prohibit a party from filing a motion, it need not allow a formally noticed and briefed motion. *Fashion Exchange LLC v. Hybrid Promotions, LLC, et al.*, No. 14-CV-1254 (SHS), 2021 WL 1172265 at *2 (S.D.N.Y. March 29, 2021). Courts may instead construe pre-motion letters as motions, provided all parties are given notice and have an opportunity to be heard on the substantive issues. *Int'l Code Council, Inc.*, 43 F.4th at 53-54; *Lehmann v. Ohr Pharm., Inc.*, No.20-4185-cv, 2021 WL 5986761 at *1 (2d Cir. Dec. 16, 2021); *Best Payphones Inc.*, 450 F. App'x at 15; *Fashion Exchange*, 2021 WL 1172265 at *2.

In any event, this is not what happened here. In his Order, Judge Gorenstein did not construe Plaintiff's pre-motion letter as a motion or rule solely on a pre-motion letter. Instead, Plaintiff ignored Judge Gorenstein's orders directing her to comply with his Individual Practices, and instead did not file a pre-motion letter before filing her "formal motion." ECF Nos. 346, 370. The Court can discern no clear error in Judge Gorenstein's decision from the record before it, and as explained above, the Order is not contrary to Second Circuit precedent.

Plaintiff also argues that the Order is contrary to Federal Rules of Civil Procedure 6(b), 83(b) and 7, in addition to Local Rules 6.1 and 7.1. The Court finds these arguments unavailing.

Rule 6(b)(1)(A) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). This rule does not prohibit the use of pre-motion conference letters; instead, Rule 6(b) leaves extension requests to the Court's discretion. Similarly, Rule 7 does not prohibit the use of letter motions.

Plaintiff argues the Order is contrary to the requirement that a judge's individual practices be "consistent with federal law, [the Federal Rules of Civil Procedure], and the district's local

7

rules." ECF No. 391 at 12 (quoting Fed. R. Civ. P. 83(b)). However, as explained above, the Order is not contrary to federal law or Rules 6(b) and 7. Finally, although Local Rule 6.1 sets the default schedules for motions and Local Rule 7.1(a) sets the requirements for motion papers, the Local Rules expressly exempt letter motions as permitted by Local Rule 7.1(d). L.R. 6(b), 7.1(a).  Local Rule 7.1(d) allows non-dispositive motions to be brought by letter motion. L.R. 7.1(d). The Local Rules do not forbid courts from requiring pre-motion conference letters. Therefore, Plaintiff's Rule 83(b) argument must fail.

## CONCLUSION

Under the "clearly erroneous and contrary to law" standard, this Court declines to set aside Judge Gorenstein April 4, 2022 Order. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). For the reasons stated above, Plaintiff's objections are overruled.

**SO ORDERED.**

Dated:   **February 17, 2023**
         **New York, New York**

                                             **ANDREW L. CARTER, JR.**
                                             **United States District Judge**