UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
**ALEXIS MARQUEZ,**

            **Plaintiff,**

  -against-

**SILVER, ET AL.,**

           **Defendants.**

-------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/17/2023

**18-CV-7315 (ALC)**

<u>ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

    Plaintiff Alexis Marquez, an attorney who is now representing herself, brought this action alleging violations of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. On April 1, 2019, this matter was referred to Magistrate Judge Gabriel W. Gorenstein for the resolution of general pretrial matters, including scheduling, discovery, non-dispositive pretrial motions, and settlement. ECF No. 69. The Court now considers the Amended Report and Recommendation (hereinafter the "Report") issued by Judge Gorenstein, recommending that Defendants' motion for sanctions be granted and that the case should be dismissed with prejudice. ECF No. 427. Despite notification of the right to object to the Report and several extensions granted, Plaintiff has failed to timely file objections. For the following reasons, the Court adopts Judge Gorenstein's Report in its entirety as the opinion of the Court.

## BACKGROUND

    The factual and procedural history of this case leading up to Judge Gorenstein's Report is set forth in detail in the Report. *See* Report at 2-23. The Amended Report and Recommendation was issued on September 6, 2022. Judge Gorenstein stated that parties had fourteen days from the

date of service to file any objections, and that failure to do so would result in a waiver of those objections for purposes of appeal. *See* Report at 44.

On September 21, 2022, Plaintiff requested a two-week extension to file her Rule 72(b) objections to the Report. ECF No. 428. On October 5, 2022, Plaintiff again requested an extension to file her objections until October 25, 2022. ECF No. 429. The Court granted Plaintiff's extension requests. ECF No. 432. On October 24, 2022, Plaintiff requested a one-week extension of time until November 1, 2022 to file her objections. ECF No. 434. The Court granted this third extension request. ECF No. 434. Plaintiff failed to file her objections and on November 8, 2022, she filed a letter requesting a fourth extension until November 21, 2022 to file her objections. ECF No. 436. The Court granted Plaintiff's request. ECF No. 437. Again, Plaintiff failed to file her objections. On January 9, 2023, the Defendants filed a letter motion requesting the Court set a final deadline by which the Plaintiff must file her objections, or the Report will be deemed unopposed. ECF No. 438. The Defendants conferred with Plaintiff, and she agreed to the Defendants' request seeking a deadline of two weeks after the Court's order. *Id*. On that same day, the Court granted the letter motion and directed the Plaintiff to file her objections to the Report on or before January 25, 2023. ECF No. 439. The Court advised Plaintiff that this would be her final extension. *Id*.

On January 27, 2023 the Defendants filed a letter advising the Court that Plaintiff failed to meet the deadline and requesting that the Report be deemed unopposed. On January 30, 2023, Plaintiff wrote a letter explaining that she is "close to completing [her] Rule 72(b) objections" and that she intends to file them this week. ECF No. 441. She also noted that she would file a "brief Rule 6(b)(1)(B) motion for an extension of time for my objections, with supporting material, for the Court's consideration." *Id*. On January 31, 2023, the Defendants filed a response to Plaintiff's January 27 letter. ECF No. 442. The Defendants opposed the Court's consideration of any

2

objections and to deny any requests for another extension. *Id*. To date, Plaintiff has not filed her objections.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  A district judge must undertake a *de novo* review of any portion of a magistrate judge's report that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

## DISCUSSION

In the Report, Judge Gorenstein recommended the Defendants' motion for the sanction of dismissal with prejudice should be granted. Judge Gorenstein thoroughly outlined the factors a court must weigh when (1) considering whether to impose sanctions under Rules 37 and 16 and (2) when considering dismissal under Rule 41(b). *See* Report at 23-26. Judge Gorenstein concluded

3

that because the Plaintiff violated the Court's orders, including both discovery and other pretrial orders, sanctions may be imposed under Rule 16(f), Rule 37(b), and/or Rule 41(b). Judge Gorenstein specifically found that every factor considered under Rules 16(f), 37(b), and 41(b) weighed in favor of the severe sanction of dismissal. *Id*. at 30, 31, 33, 35-38, 41, 43.

To date, Plaintiff has not filed objections to the Report. Even if Plaintiff were to file her objections, the Court would still find that she failed to timely object to the Report. Plaintiff had over four months to file her objections and this Court granted Plaintiff multiple extensions. Additionally, the Court set a final deadline of January 25, 2023 at the Defendants' request and with Plaintiff's consent. ECF No. 439. As explained previously, this Court has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object" and this rule "applies with equal force to *pro se* litigants." *Graves*, 667 F. App'x at 19 (internal citations omitted)[1]. The parties have been given clear notice. *See* Report at 44. Thus, the parties have waived any right to further appellate review.

This Court has reviewed the Report for clear error and finds none. Accordingly, Judge Gorenstein's well-reasoned Amended Report and Recommendation is adopted in its entirety as the opinion of the Court.

---

[1] The Court notes that although Plaintiff is proceeding *pro se*, she is not due any special solicitude as a *pro se* litigant given that she is a lawyer admitted to practice as an attorney. *See generally Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("a lawyer representing [her]self ordinarily receives no such solicitude at all."); *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 82 n.4 (2d Cir. 2001) (holding that "*pro se* attorneys . . . typically cannot claim the special consideration which the courts customarily grant to *pro se* parties" (quoting *Harbulak v. Cty. of Suffolk,* 654 F.2d 194, 198 (2d Cir. 1981)) (internal quotation marks omitted)).

## CONCLUSION

For the reasons herein, the Court adopts Judge Gorenstein's Amended Report and Recommendation in its entirety. Accordingly, Defendants' motion for the sanction of dismissal with prejudice should be **GRANTED.** The Clerk of the Court is respectfully directed to terminate this case.

**SO ORDERED.**

Dated: **February 17, 2023**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**