```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ALEXIS MARQUEZ,                                              :
                                                             :
                    Plaintiff,                               :     18-CV-7315 (ALC) (GWG)
                                                             :
        v.                                                   :     **DECLARATION OF**
                                                             :     **ALEXIS MARQUEZ**
GEORGE SILVER, et al.,                                       :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ X
```

I declare under penalty of perjury that the following facts are true and correct:

1. I am the plaintiff in this case, and I submit this declaration in support of my motion for relief from the judgment. *See* Dkt. 446.

## Plaintiff's Educational and Professional Background

2. I graduated from Barnard College and Fordham Law School. After I graduated from law school in 2012, I worked as a law clerk and court attorney for five years at New York Supreme Court. As a law clerk, I wrote decisions on pretrial and dispositive motions, managed cases, and conducted discovery conferences.

## The Litigation of this Case

3. I commenced this action in 2018. Since the outset of this case, and even as I was previously represented by counsel, I have attended all court conferences in this case, with the exception of the March 14, 2022 conference. Specifically, I attended five court conferences held on April 1, 2019 (a pre-motion conference before Judge Carter), May 16, 2019 (a discovery conference before Judge Gorenstein), August 12, 2019 (a pre-motion conference before Judge Gorenstein), October 11, 2019 (an order to show cause hearing before Judge Carter), and August 9, 2021 (a Rule 16 conference before Judge Gorenstein).

4. While litigating this case as a pro se party, I maintained employment working weekday afternoons and evenings and on weekends. When the Magistrate's report and recommendation was issued, I had just started a new position, which is my first legal job that I have held in five years since the events described in my complaint. Since I resumed working as an attorney, I have encountered no issues with meeting and conferring with opposing counsel in other cases.

5. I reviewed over 350 *other cases* before Magistrate Gorenstein in which the Magistrate has specifically referenced Paragraph 2A of his Individual Practices in various scheduling orders, minute entries, memorandum endorsements, decisions on requests for judicial relief, and other contexts.

6. In these cases, the Magistrate routinely includes a form statement in his Rule 16(b) scheduling orders that parties "must comply with" the Magistrate's Individual Practices in language that is either exactly or nearly identical to that contained in Dkts. 153 and 307 here. *See e.g.*, *Chanel, Inc. v. The Realreal, Inc.*, 18-cv-10626, Dkt. 63 and 177; *Santana v. Weill Cornell Primary Care*, 17-cv-7420, Dkt. 62; *Ace Securities Corp. Home Equity Loan Trust, Series 2007-He3 v. Db Structured Products, Inc.*, 13-cv-1869, Dkt. 91. The Magistrate also routinely applies Paragraph 2A to letters and motions submitted to the court. In practice, under Paragraph 2A, parties are not required to request a pre-motion conference and may seek judicial orders directly with an informal letter and without filing a motion. Based on a review of over 350 cases before Magistrate Gorenstein involving Paragraph 2A, the Magistrate's practice is to permit or prevent parties from filing motions at the Court's discretion. In her review of the Magistrate's cases, I found no articulated standard controlling whether the Magistrate will allow

a motion to be filed or will instead prevent the filing of a motion by ruling on the "pre-motion letters" before a motion can be filed.

7. In none of these 350+ cases – not one case – did I find a single instance in which the Magistrate either construed Paragraph 2A as a "court order" or construed his Rule 16(b) scheduling order as an order "to comply with" Paragraph 2A. In enforcing and applying the requirements of Paragraph 2A, the Magistrate invariably refers to "Paragraph 2.A of the Court's Individual Practices" and not to any court order. Of the more than 350 cases I reviewed, in every case where the Magistrate enforced Paragraph 2A, the Magistrate did so by applying the requirements of the rule without even suggesting that a party who had failed to comply with Paragraph 2A had violated a court order.

8. At no point throughout this litigation did I understand, or have any basis to understand, that I was under a court order to comply with Paragraph 2A.

9. My prior training and experience did not alert me to the possibility that I was under such court orders. While I am an attorney, I was admitted to practice in federal court in July 2018, shortly before this case began. I have no prior experience litigating in federal court, under the Federal Rules, or with judicial practices in the S.D.N.Y. My prior experience was as a law clerk in state court. In that context, I have never seen a judge construe or enforce what are known in New York State courts as "part rules" as a "court order."

10. I did not understand – and had no reason to understand – that any of the orders at Dkt. 346, 356, and 370 to constitute court orders not to file a motion. From these orders, I instead understood that the Magistrate intended to apply his Individual Practices to deny my formal motion for an extension.

11. I expected my motion to be denied as noncompliant with Paragraph 2A and also believed it likely, based on the Magistrate's prior statements, that fact discovery would be closed on March 31, 2022, regardless of whether I filed a request for an extension by letter or formal motion. Based on the Magistrate's prior statements and finding in this case related to time expenditure and pro se litigants, some of which I enumerated in my motion for an extension, *see* Dkt. 382 at 13-14, and based on the Magistrate's prior scheduling decisions in this case, some of which I also summarized in the motion, *id.* at 20-21, I believed that it was likely my request to extend the discovery deadline would be denied by the Magistrate. Furthermore, based on the fact that I have not been permitted to file a motion before the Magistrate throughout this case despite repeatedly requesting an opportunity to do so, I believed it highly likely that I would not be permitted to file a formal motion to extend the discovery deadline even if I followed Paragraph 2A of the Magistrate's Individual Practices. However, at no point did I understand myself to be under a court order not to file a motion.

12. I met and conferred with defendants' counsel by telephone on December 23, 2019, at 3:00 p.m. as ordered by the Magistrate's December 20, 2019 order (Dkt. 202).

13. I arranged a telephone conference with defendants' counsel by December 28, 2021, and the parties met and conferred by telephone on January 5, 2022, as ordered by the Magistrate's December 23, 2021 order (Dkt. 336).

14. I have informed the Magistrate on multiple occasions that no good faith meet-and-confer process occurs on the telephone under Paragraph 2A in this case. *See e.g.*, Dkt. 342, 369. Meet and confer telephone calls between the parties have consisted of (a) the defendants' counsel asking me questions, (b) I provide answers to defendants' counsel's questions, and (c) the

defendants' counsel refuse to then answer my questions, to state or clarify the legal or factual bases for their positions, or to acknowledge or address any issue that I raise.

15. As an example, on a meet-and-confer telephone call ordered by the Magistrate pursuant to Paragraph 2A on December 23, 2019, I held a telephone call with 5 opposing defense attorneys. Both before and during the call, defendants' counsel would not respond to or address any of my positions. The call consisted entirely of defense counsel asking questions without responding to any issue I raised and instead simply moving on to other questions. After the call, defense counsel would then not confirm in writing the contents of the call.

DATED: March 23, 2023                By:   /s/ Alexis Marquez

                                                    Alexis Marquez
                                                    P.O. Box 250071
                                                    New York, NY 10025

                                                    *Plaintiff Pro Se*