UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXIS MARQUEZ,

                Plaintiff,

                                                 18 Civ. 7315 (ALC)(GWG)

    -v-

GEORGE SILVER, ET AL.,

                Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO THE R&R PURSUANT TO FRCP 60(B)(1) AND 72(B)

LETITIA JAMES
Attorney General
State Of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8632
Email: Anjali.Bhat@ag.ny.gov

ANJALI BHAT
Assistant Attorney General
  *Of Counsel*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1
STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................................. 2
LEGAL STANDARD ................................................................................................ 2
ARGUMENT ........................................................................................................... 3
I. PLAINTIFF'S MOTION FOR RELIEF UNDER RULES 60(B)(1) and 72(B ................. 3
SHOULD BE DENIED BECAUSE SHE HAS WAIVED JUDICIAL REVIEW OF THE ..... 3
R&R BY FAILING TO TIMELY OBJECT ................................................................. 3
II. THE R&R CONTAINS NO PLAIN ERROR ............................................................. 4
CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Barboni v. The Republic of Argentina*, 672 F. App'x 112 (2d Cir. 2016)....................5

*Bob v. Scibal Assoc., Inc.*, No. 13 Civ. 5747, 2014 WL 4229954 (S.D.N.Y. Aug. 21, 2014). ...... 3

*Bryant v. Monaghan*, No. 15 Civ. 8427, 2017 WL 2712614 (S.D.N.Y. June 22, 2017)...............3

*E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824 (7th Cir. 2013).................................. 4, 5

*In re 310 Assocs.*, 346 F.3d 31 (2d Cir. 2003)..................................................2

*Kemp v. U.S.*, 142 S. Ct. 1856 (2022)...........................................................2

*Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002)..................3

*Pina v. U.S.*, No. 20 Civ. 1371, 2022 WL 782996 (S.D.N.Y. Mar. 15, 2022) .............................7

*S.E.C. v. Tourre*, 4 F. Supp. 3d 579 (S.D.N.Y. 2014) ................................................4

*Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2d Cir. 2000)....3

*U.S. Secs. & Exchange Comm'n v. Collector's Coffee, Inc.*, No. 19 Civ. 4355, 2023 WL 2535130 (S.D.N.Y. Mar. 16, 2023)....................................................................3

*Weight Watchers of Phil., Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770 (2d Cir. 1972).........5

*Weitzner v. Cynosure, Inc.*, 802 F.3d 307 (2d Cir. 2015) ............................................6

**Rules**

Fed. R. App. P. 4(a)(4)(A). .........................................................................6

Fed. R. Civ. P. 16(f)............................................................................1, 4

Fed. R. Civ. P. 37(b)............................................................................1, 4

Fed. R. Civ. P. 41(b)............................................................................1, 4

Fed. R. Civ. P. 60(b)(1) ..................................................................... passim

Fed. R. Civ. P. 72(b)..........................................................................1, 2, 4

Defendants George Silver, Lawrence Marks, John McConnell, Lauren DeSole, and Lisa Evans (collectively "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion (ECF No. 451, the "Motion") seeking relief pursuant to Fed. R. Civ. P. 60(b)(1) from the Court's order of February 17, 2023 (ECF No. 445, the "Order") adopting in its entirety Magistrate Gabriel W. Gorenstein's amended report and recommendation (ECF No. 427, the "R&R") for dismissal of the instant action (the "Action") with prejudice as a sanction, and moving to set aside the R&R pursuant to Fed. R. Civ. P. 72(b).

## PRELIMINARY STATEMENT

From October 2021 to March 2022, Plaintiff Alexis Marquez ("Ms. Marquez" or "Plaintiff") repeatedly defied Magistrate Gorenstein's orders and her discovery obligations under the Federal Rules of Civil Procedure by refusing to confer telephonically regarding discovery disputes, to produce documents, or to confer regarding the timing of her deposition and document production. Magistrate Gorenstein initially exercised leniency and patience and issued multiple warnings to Ms. Marquez that her conduct could result in sanctions. When these warnings went unheeded and after the parties briefed the appropriateness of sanctions under Rules 16(f), 37(b) and 41(b), Magistrate Gorenstein issued an R&R recommending the sanction of dismissal in September 2022.

The Court and Defendants accorded Ms. Marquez over four months' time to object to the R&R—a task for which the original deadline was fourteen days after the issuance of the R&R. Ms. Marquez did not file any objections by the Court-ordered final deadline of January 25, 2023, nor had she filed any objections by February 17, 2023, when the Court issued the Order adopting the R&R in its entirety.

Ms. Marquez cannot identify any "mistake" in the Order and thus cannot fulfil the requirements of Rule 60(b)(1). The only purported "mistakes" are Ms. Marquez's own

1

disagreements with the R&R, for which she has waived judicial review, as the Court correctly held in the Order. Moreover, the Court has already—and correctly—held in the Order that the R&R contains no plain error. Because of this waiver and her failure to otherwise identify any meritorious grounds for relief, Ms. Marquez likewise cannot succeed on her Rule 72(b) motion to set aside the R&R. The Motion therefore should be summarily denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On September 6, 2022, Magistrate Gorenstein issued the R&R, recommending dismissal of the Action with prejudice due to Ms. Marquez's repeated, persistent, willful noncompliance with court orders and directives. *See, e.g.,* R&R at 12-13, 21-22, 35-37, 43 (noting Ms. Marquez's explicit, proclaimed refusal to comply with orders to telephonically confer or appear at a conference). The original deadline for Ms. Marquez to object to the R&R was 14 days after the issuance of the R&R—September 20, 2022. *Id.* at 44. After multiple extensions, the Court set a final extended deadline for Ms. Marquez to object, without objection from Ms. Marquez: January 25, 2023. ECF No. 439. Ms. Marquez did not file her objections by that date. On February 17, 2023, the Court adopted the R&R in its entirety, without objection from Ms. Marquez, and held that judicial review of the Order had been waived. *See* Order at 4. Nevertheless, on March 24, 2023, Ms. Marquez filed the Motion. *See* Motion.

## LEGAL STANDARD

Rule 60(b)(1) permits relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Mistake" under the rule includes the court's own legal errors. *Kemp v. U.S.*, 142 S. Ct. 1856, 1863 (2022); *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003).

If a party timely files "specific written objections" to a magistrate's report and recommendation on a dispositive motion pursuant to Rule 72(b), the district court reviews the

report and recommendation *de novo*; absent such objections, the district court reviews the report and recommendation for clear error. *U.S. Secs. & Exchange Comm'n v. Collector's Coffee, Inc.*, No. 19 Civ. 4355, 2023 WL 2535130 at *1-2 (S.D.N.Y. Mar. 16, 2023). Failure to timely object to a magistrate's report and recommendation operates as waiver of the right to object and of further judicial review of that report and recommendation. Order at 4; *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Bryant v. Monaghan*, No. 15 Civ. 8427, 2017 WL 2712614 at *1 (S.D.N.Y. June 22, 2017); *Bob v. Scibal Assoc., Inc.*, No. 13 Civ. 5747, 2014 WL 4229954 at *1 (S.D.N.Y. Aug. 21, 2014).

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR RELIEF UNDER RULES 60(B)(1) AND 72(B SHOULD BE DENIED BECAUSE SHE HAS WAIVED JUDICIAL REVIEW OF THE R&R BY FAILING TO TIMELY OBJECT

Plaintiff has moved for relief pursuant to Rule 60(b)(1) and cited case law affirming that such relief is available if the Court commits a legal error. Motion at 5. However, the only "mistakes" she identifies are within the R&R. *Id.* at 5-6. Indeed, 56 of the 59 pages of the Motion are devoted to the R&R's purported mistakes. Plaintiff has waived judicial review of the R&R by failing to timely object to it. Order at 4. Accordingly, the Court need not and should not revisit the R&R. *Bob*, 2014 WL 4229954 at *1. Plaintiff argues, citing a case where a wrongfully imprisoned individual obtained *habeas corpus* relief on appeal after failing to object to one specific procedural aspect of the magistrate's report and recommendation, that the waiver may be overlooked in the interests of justice where the magistrate has committed plain error. Motion at 2-3 (citing *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 174 (2d Cir. 2000)). Here, however, the Court has already found, in adopting the then-unopposed R&R, that it was "well-reasoned" and contained no plain error. Order at 3-4. Moreover, the Motion does not identify any plain error, as set forth in section II, *infra* at 4-7. Accordingly, the

3

Motion for relief under Rule 60(b)(1) should be denied because Plaintiff has waived judicial review of the R&R. The Motion to set aside the R&R under Rule 72(b) should likewise be denied for the same reason.

## II. THE R&R CONTAINS NO PLAIN ERROR

Plaintiff argues that Magistrate Gorenstein improperly recommended dismissal for her repeated noncompliance with Paragraph 2A ("Paragraph 2A") because sanctions are not available for violations of procedural rules. Motion at 5-9. Plaintiff further argues that Magistrate Gorenstein did not and may not order compliance with Paragraph 2A and may not enforce such orders with sanctions. Motion at 13-18. In making this argument, Plaintiff attempts to deny that Magistrate Gorenstein issued orders to comply with Paragraph 2A (Motion at p. 28, paragraph (d)), baselessly argues that Magistrate Gorenstein may not enforce such orders with sanctions, and mischaracterizes her repeated noncompliance of Court orders concerning the advancement of discovery that did not relate to compliance with Paragraph 2A.

Contrary to Plaintiff's claims (Motion at 27-30), Magistrate Gorenstein repeatedly ordered parties to comply with the Individual Practices in general and with Paragraph 2A in particular. R&R at 5, 7, 11, 14. Indeed, Plaintiff concedes the existence of these orders, and merely argues that orders to comply with procedural rules should not be construed as orders. Motion at 29-33. The only support Plaintiff provides for her claim that Magistrate Gorenstein may not order compliance with Paragraph 2A, or enforce such orders with sanctions under Rules 16(f), 37(b) or 41(b), are cases stating that a general obey-the-law injunction is disfavored as permanent relief. *See, e.g., E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841-842 (7th Cir. 2013) (cited in Motion at 16), *S.E.C. v. Tourre*, 4 F. Supp. 3d 579, 598 (S.D.N.Y. 2014) (cited in Motion at 19). Those cases however, state that such injunctions raise concerns because of

4

potential overbreadth and vagueness but are upheld where appropriate and equitable. *See, e.g., AutoZone*, 707 F.3d at 841-843. With respect to Paragraph 2A, there is no concern about overbreadth and vagueness. The requirements of Paragraph 2A are painfully specific and clear. *See* Paragraph 2A. Plaintiff did not profess to any uncertainty of how to comply with Paragraph 2A; she simply did not wish to do so. R&R at 10-12, 15. Moreover, a procedural order regarding the conduct of the parties during the litigation is not an injunction, despite Plaintiff's erroneous conflation of the two (Motion at 16-19). Injunctions "give or aid in giving some or all of the substantive relief sought by the complaint" and are not mere "restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial." *Barboni v. The Republic of Argentina*, 672 F. App'x 112, 113 (2d Cir. 2016) (citing *Weight Watchers of Phil., Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 774 (2d Cir. 1972)). Accordingly, Plaintiff's argument that it was clear error for Magistrate Gorenstein to construe his orders to comply with Paragraph 2A as court orders enforceable with sanctions should be rejected.

Further, Plaintiff mischaracterizes her own refusal to comply with orders, not simply to follow Paragraph 2A with respect to all discovery motions, but to: (1) contact Defendants' counsel to arrange a telephonic conference regarding a specific dispute by a specific date, (2) appear at a court conference, and (3) refrain from filing a formal discovery extension motion without first complying with Paragraph 2A. Motion at 34, 36. Plaintiff willfully did not comply with an order to contact Defendants' counsel to arrange a telephonic conference regarding a document production dispute by December 20, 2021 and, when the Magistrate exercised leniency and extended her time to comply to December 31, she again willfully did not comply. R&R at 12. On March 14, 2022, the Magistrate ordered Plaintiff to contact Defendants' counsel

5

to arrange a telephonic conference regarding her deposition and document production by March 17, which Plaintiff again refused to do, despite the Magistrate's explicit warning that such refusal would result in the order of a briefing schedule on a sanctions motion. *Id.* at 21-22. Plaintiff further refused to appear at a March 14 telephonic court conference. *Id.* at 21. Subsequently, Plaintiff filed a motion to extend discovery in violation of Magistrate Gorenstein's orders. *Id.* at 22-23. While Plaintiff claims that those orders were ambiguous, the R&R considered and rightly rejected that claim. *Id.* at 27. Plaintiff cannot identify clear error in that determination. Motion at 34.

Plaintiff argues that Paragraph 2A as interpreted and applied in this case is "inconsistent with controlling procedural law[.]" Motion at 6, 41-54. Plaintiff provides no authority for the proposition that the Magistrate may not require pre-motion telephonic conferences or letters or, where appropriate, rule on those letters. While Plaintiff claims that the Second Circuit has "urged district courts to review and modify individual judicial rules that prohibit the filing of a motion" (Motion at 5), the case she cites in support pertained to rules that prohibited filing a motion for reconsideration, thus preventing litigants from preserving their right to appeal under Fed. R. App. P. 4(a)(4)(A). *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 313-314 (2d Cir. 2015) (cited in Motion at 5). The Second Circuit did not advise district and magistrate judges to eliminate such rules, but rather to "eliminate the unacceptable risk that litigants will forfeit rights because of the observance of rules promulgated by individual judges[.]" *Weitzner*, 802 F.3d at 314. Here, Paragraph 2A provides an explicit exception for, *inter alia*, "motions listed in Fed. R. App. P. 4(a)(4)A[,]" thus eliminating the risk that litigants before Magistrate Gorenstein will forfeit the right to appeal by delaying a motion for reconsideration. Plaintiff has not identified any right that she risked forfeiting by compliance with the Individual Practices.

6

Finally, Plaintiff reiterates her arguments from the underlying sanctions briefing (considered by Magistrate Gorenstein prior to issuing the R&R) that the Magistrate erroneously applied sanctions factors under the applicable federal rules and finding that they weigh in favor of dismissal. Motion at 57. Because Plaintiff does not identify legal error and merely reiterates her underlying arguments, she cannot establish "mistake" under Rule 60(b)(1). *Pina v. U.S.*, No. 20 Civ. 1371, 2022 WL 782996 at *4 (S.D.N.Y. Mar. 15, 2022) (rejecting Rule 60(b)(1) argument of "mistake" where plaintiff reiterated claim that had been "repeatedly considered, reviewed, analyzed, and rejected").

## CONCLUSION

For the reasons set forth above, Defendants request that Plaintiff's Motion be denied in its entirety, together with such further relief that the Court deems just and proper.

Dated: New York, New York
      April 21, 2023

    LETITIA JAMES
    Attorney General
    State of New York
    *Attorney for Defendants*

By: /s/Anjali Bhat
    Anjali Bhat
    Assistant Attorney General
    28 Liberty Street
    New York, NY 10005
    Phone: (212) 416-8632
    Email: Anjali.Bhat@ag.ny.gov