USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/4/2024__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MARQUEZ,**

                                        **Plaintiff,**

                        **-against-**

**SILVER,** *et al.*,

                                        **Defendants.**

18-CV-07315 (ALC)

<u>**OPINION AND ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff filed this action *pro se*, alleging that Defendants engaged in sex- and race-based harassment, discrimination, and retaliation against her.  *See* ECF No. 86 ("Compl.").  On April 2, 2021, this Court dismissed Plaintiff's Title VII claims against Defendants.  ECF No. 258.  Plaintiff filed a notice of appeal of that decision on May 3, 2021.  ECF No. 269.  On February 17, 2023, this Court issued an Order adopting Magistrate Judge Gorenstein's Amended Report and Recommendation dismissing Plaintiffs remaining claims with prejudice as a sanction for failure to comply with several deadlines and discovery obligations.  ECF No. 446.  Judgment was entered to that effect on February 17, 2023.  ECF No. 446 ("Clerk's Judgment").  Plaintiff filed a notice of appeal as to the Clerk's Judgment on March 23, 2023.  ECF No. 448.  The following day, Plaintiff filed a motion for reconsideration of the Clerk's Judgment pursuant to Fed. R. Civ. P. 60(b)(1).  ECF No. 449.  Briefing of Plaintiff's motion for reconsideration was completed on May 15, 2023.  ECF No. 458.  In response to the Circuit Court's request for supplemental briefing on the question of whether it could review this Court's dismissal of Plaintiff's Title VII claims given the subsequent dismissal with prejudice, Plaintiff has asked this Court to issue an indicative ruling on Plaintiff's pending Rule 60 motion.  ECF No. 459.

"Normally, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Jarvois v. Ferrara*, No. 18-cv-3997-GHW, 2019 U.S. Dist. LEXIS 182596, at *2 (S.D.N.Y. Oct. 21, 2019) (citing *Griggs v. Provident Consumer Discount Ca*, 459 U.S. 56, 58 (1982)) (cleaned up).  However, "if a party (1) files a motion under Federal Rule of Civil Procedure 60 within 28 days after judgment is entered and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until after the district court rules on the motion."  *Id.* (citing Fed. R. App. P. 4(a)(4)(A)-(B)).  The same result applies even where the motion is filed on the same day as the notice of appeal, s*ee Sankara v. City of New York*, 745 F. App'x 426, 427 (2d Cir. 2018).  Here, Plaintiff's Rule 60 motion was filed more than 28 days after the entry of the Clerk's Judgment. As such, this Court presently lacks jurisdiction to decide the motion for reconsideration at ECF No. 449.

Nevertheless, this Court does have jurisdiction to issue an indicative ruling pursuant to Rule 62.1 as requested by Plaintiff.  Federal Rule of Civil Procedure 62.1 grants district courts the authority to issue indicative rulings on pending motions that implicate issues under appeal. Pursuant to the Rule, a district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a).  Although the defense responded to the motion for reconsideration—a motion this court lacks jurisdiction to decide—the defense has not responded to the request for an indicative ruling.  *See* ECF No. 456. Since oral argument in the Circuit is scheduled for tomorrow, the Court issues this indicative ruling under 62.1.

The Court would not grant the motion for reconsideration.  By failing to timely object under Federal Rule of Civil Procedure 72, the plaintiff waived objections to the magistrate judge's report and recommendation. In any event, the plaintiff's arguments are without merit. There is no error in the magistrate judge's well-reasoned opinion.

**SO ORDERED.**

**Dated:**      **March 4, 2024**
              **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**