USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARQUEZ,<br><br>       Plaintiff,<br><br>-against-<br><br>SILVER, *et al.*,<br><br>       Defendants. | 18-CV-07315 (ALC)<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

The Court considers herein Plaintiff's motion pursuant to Fed. Rs. Civ. Pro. 60(b)(1) and 72(b) seeking relief from this Court's dismissal of Plaintiff's claims with prejudice and to set aside Magistrate Judge Gabriel W. Gorenstein's Report and Recommendation recommending dismissal. *See* ECF Nos. 449, 451 ("Mot."). For the reasons stated herein, Plaintiff's motion is **DENIED**.

## BACKGROUND

Judge Gorenstein's Report and Recommendation ("R&R") docketed at ECF No. 427, this Court's order adopting the R&R in its entirety docketed at ECF No. 445, and this Court's recent indicative ruling docketed at ECF No. 462 present the factual and procedural history relevant to the adjudication of the present motion.

## STANDARD OF REVIEW

Fed. R. Civ. P. 72(b) lays out the standards by which a district judge is to review a magistrate judge's recommendation on dispositive motions and the procedure by which objections are to be raised. It states in relevant part that a "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and that "[t]he district judge may accept, reject, or modify the recommended disposition; receive further

1

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). It also states that "specific written objections to the proposed findings and recommendations" are to be raised "[w]ithin 14 days" of service of the recommended disposition. *Id.* at 72(b)(2). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). What's more, a party waives judicial review of a magistrate judge's decision where no timely objection is raised. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985) (finding no due process injury where a litigant "fail[s] to comply with a reasonable procedural or evidentiary rule"); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992) ("A party must serve and file any objections to a magistrate judge's proposed findings and recommendations within ten days after being served with the report. We have adopted the rule that failure to object timely to a report waives any further judicial review of the report.") (citing 28 U.S.C. § 636(b)(1) (1988)); *Bryant v. Monaghan*, 2017 U.S. Dist. LEXIS 96559, at *2 (S.D.N.Y. June 22, 2017).

 Rule 60(b)(1) permits relief from judgment based upon "mistake, inadvertence, surprise, or excusable neglect." "Relief under Rule 60(b)(1) is available for a district court to correct both factual and legal errors committed by the court." *Melchor v. Eisen & Son Inc.*, No. 15cv00113 (DF), 2016 U.S. Dist. LEXIS 77361, at *33 (S.D.N.Y. June 10, 2016).

## DISCUSSION

 As this Court's prior Order adopting Magistrate Judge Gorenstein's R&R states and as Plaintiff herself acknowledges, Plaintiff failed to timely object to the R&R, despite requesting and receiving several extensions of time to file such objections. *See* ECF No. 445 at 23; ECF No. 458 ("Reply") at 2. As such, Plaintiff has waived her right to review of the Magistrate

Judge's rulings pursuant to Fed. R. Civ. P. 72.  Plaintiff's Rule 72 arguments exclusively raise issues with the R&R and, as such, will not be reviewed by this Court.  There exists no reason for this Court to "excuse the default in the interests of justice."  *Thomas*, 474 U.S. at 155.

Assuming *arguendo* that Plaintiff has not waived review of this Court's Opinion adopting the R&R in its entirety pursuant to Fed. R. Civ. P. 60, her substantive arguments are without merit.  In her own words, Plaintiff argues that the R&R's "procedural dismissal" of the case "on the basis of individual judicial practice rules or on the basis [of] pre-motion conference and meet-and-confer requirements is entirely unprecedented" and constitutes judicial error.  Reply at 3.

First, it is untrue that such a dismissal is unprecedented.  The Court in *Mobley v. Nassau County*, which was cited in Judge Gorenstein's R&R, dismissed the *pro se* plaintiff's action for "(1) fail[ure] to comply with a discovery scheduling order entered by the previously assigned Magistrate Judge Order and, (2) . . . violati[ng] . . . the *individual practice rules* of the two Magistrate Judges who have handled this matter."  No. CV- 14-5188(JS) (AYS), 2015 U.S. Dist. LEXIS 116739, at *1 (E.D.N.Y. June 23, 2015).  Second, as in *Mobley*, Plaintiff's repeated refusal to comply with the Magistrate Judge's Individual Rules when directly ordered to do so was not the solitary directive which Plaintiff shirked.  Plaintiff's case was dismissed, *inter alia*, for her failure to comply with Judge Gorenstein's repeated orders to comply with his individual rules of practice, failure to confer with Defendants regarding a discovery dispute when directed to do so by a specific date, failure to appear at a court-ordered conference, failure to schedule her deposition, and her clear refusal to abide by Local Rule 37.2.  ECF No. 427 at 36; *see also id.* at 10, 35.

Third, Plaintiff's attempts to collaterally attack the validity of the Magistrate Judge's Rules of Individual Practice is unsuccessful.  Plaintiff argues that Rule 2A's pre-motion conference and meet-and-confer requirements are inconsistent with governing precedent and federal law.  The pre-motion conference and meet-and-confer requirements are not inconsistent with federal law or the district's local rules.  While a district court "may not require that the court's permission be secured at . . . a conference before a party may file the motion," district courts may "require a conference prior to the filing of motions as a means of managing litigation assigned to them."  *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995) (citing *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987)) (internal quotation marks omitted).  As Plaintiff acknowledges, "Magistrate[s] may enforce procedural requirements of form, timing, or prerequisites" to the filing of motions.  The argument that such rules are generally inconsistent with governing federal procedural law or with Local Rules, as well as the argument that Judge Gorenstein's enforcement of Rule 2A in this instance constituted error are without merit.

Fourth, Plaintiff's argument that the R&R's application of sanctions pursuant to Rules 16(f), 37(b), and 41(b) as opposed to the Court's inherent powers or Rule 11 constituted error is unconvincing.  As stated previously, Plaintiff's refusal to abide by Judge Gorenstein's Individual Rules was not the sole reason for which Plaintiff was sanctioned.  *See supra* at 3.  The record is replete with instances in which Plaintiff shirked directives, deadlines, and discovery obligations unrelated to the Individual Rules of Practice.  What's more, Judge Gorenstein directly ordered Plaintiff to comply with the Individual Rules on several occasions and clearly indicated to Plaintiff that a failure to comply with the Rules could result in a dismissal sanction.  ECF No. 427 at 5, 7, 11, 14.  The issuance of such orders, the possible imposition of dismissal sanctions

4

for failure to abide by such orders, and the imposition of sanctions (up to and including dismissal with prejudice) pursuant to Rules 16, 37, and 41 for failure to comply is commonplace in the district courts.  *See generally In re Coloplast Corp. Pelvic Support Sys. Prods. Liab. Litig.*, No. MDL No. 2387, 2017 U.S. Dist. LEXIS 197731 (S.D. W. Va. Dec. 1, 2017) (considering dismissal with prejudice as a Rule 37 sanction for a party's failure to abide by orders to meet and confer with defense counsel); *Navarro v. Jones*, No. 5:15-cv-01650-GW (GJSx), 2016 U.S. Dist. LEXIS 155767 (C.D. Cal. Oct. 6, 2016) (dismissing a case with prejudice pursuant to Rules 37 and 41(b) for, *inter alia*, a party's failure to appear for depositions, respond or object to written discovery, and failure to meet and confer with defendants); *Wade v. Cty. of Nassau*, No. 13-cv-4986(ADS)(AKT), 2016 U.S. Dist. LEXIS 7727, at *25-26 (E.D.N.Y. Jan. 21, 2016) (dismissing the case without prejudice pursuant to Rule 41(b) because, unlike here, the plaintiff "endured a great disservice at the hands of his attorney" and because "the Court [could] not discern [any] facts that would suggest the Plaintiff himself is responsible for the current posture of this case"); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2013 U.S. Dist. LEXIS 184944 (N.D. Tex. Aug. 26, 2013) (considering dismissal under similar circumstances pursuant to Rule 37).[1]

---

[1] The Court also notes Plaintiff's unsuccessful attempts at exceptionally thin line-drawing.  Plaintiff alleges that a court can not order a party to respond by a deadline and must rather set a deadline for response and impose default only upon a party's failure to meet the deadline.  *See* Mot. at 46 ("Nothing in the Federal Rules or Local Rules authorizes a court to order a party to oppose or respond to a filing. The Court may set a deadline for Plaintiff to respond to a filing and default Plaintiff if she fails to do so, but it cannot 'order' Plaintiff to respond to a filing."). Any difference between these hypothetical approaches is superficial and semantic.

## CONCLUSION

The Court has considered Plaintiff's remaining arguments and finds them to be without merit. For the foregoing reasons, the Court **DENIES** Plaintiff's motion pursuant to Rules 60 and 72 for relief from the judgment. The Clerk of the Court is respectfully directed to terminate this case.

**SO ORDERED.**

**Dated:** **May 29, 2024**
**New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**